| Jan'y Term, | Harper, adm'r, vs. Harvey et al. | 1871. |
|---|---|---|

4 539
35 326

# Charleston.

ADAM HARPER, ADM'R, vs. HENRY D. HARVEY et al.

January Term, 1871.

1. The payment of a judgment or decree to an attorney of record, who obtained it, before his authority is revoked and due notice of such revocation given to the defendant, is valid and binding on the plaintiff so far as the defendant is concerned. But it must be a payment of money, or if not a payment of money, it must be accepted by the plaintiff in lieu of money, or the attorney must have authority to receive it.

2. The payment of confederate states treasury notes made to the attorney, without the authority of the plaintiff to receive them, was not a payment in money that would satisfy a judgment or decree against the defendant.

3. The relation of attorney and client ceased, or was suspended, when the former went into the lines of the confederate states, and no payment to him would be good.

The complainants filed their bill in the circuit court of Tucker county, in August, 1859, to enforce judgment liens against the defendant, William J. Harper. By consent the cause was transferred to Randolph county, and a decree was rendered in November, 1859, providing for a sale of the lands of the defendant. A portion of the lands were sold, and the defendant became the purchaser, but no part of the purchase money was ever paid.

In January, 1867, Harper having deceased, a *scire facias* was issued against Adam Harper, his administrator, to revive the decree. The administrator answered that his decedent had paid the amounts of the judgments respec-

tively decreed, to David Goff, the attorney for the complainants who had obtained the decree, on the 13th day of October, 1863.

A special replication averred that at the date of the alleged payment, Goff was not the attorney of the complainants, and had no right to receive it; that Goff was then in the army of the confederate states, and the complainants were loyal citizens within the lines of the armies of the United States, and therefore the relation of attorney and client could not exist; also, that if any money or other thing was paid to Goff, it was confederate money or scrip, which was in fact not money, and therefore the defendant was entitled to no credit therefor.

The proof taken in the cause showed that the payments were made to Goff, inside the confederate lines, in confederate treasury notes, and that Goff never paid any part thereof to the complainants.

The court below revived the decree, and ordered the collection of the bonds given by the decedent for the purchase money on the lands.

The administrator appealed to this court.

Hon. Thomas W. Harrison, judge of the circuit court of Randolph county, presided on the hearing of the cause.

*S. Dayton* for the appellant.

*G. D. Camden* for the appellees.

MAXWELL, J. The complainants filed their bill against William J. Harper, to enforce certain judgments which they had obtained against the said Harper. A decree was rendered establishing the priorities of the judgments of the respective judgment creditors, and providing for the sale of the land of the defendant for the payment thereof, under which decree a portion, but not all of his land, was sold, at which sale he became the purchaser thereof, but no part of the purchase money has been paid,

The defendant has, since that decree was rendered, and the said sale made, died intestate.

The complainants obtained a *scire facias* to revive the said decree against Adam Harper, the personal representative and heir-at-law of the said William J. Harper, deceased, who answered that said decree ought not to be revived because the said William J. Harper in his lifetime paid to David Goff, attorney for complainants, the amounts decreed to them respectively, on the 13th day of October, 1863.

The complainants filed a special replication to the answer, and deny that on the 13th day of October, 1863, the said Goff was their counsel, because he was then in the confederate army, and the complainants were loyal citizens within the lines of the armies of the United States. The replication further averred that no money was paid by the said William J. Harper to said Goff, and that if anything was paid it was confederate money or scrip, which was not money and was therefore no payment. The court revived the decree.

The proof is clear that the payment was made in confederate states treasury notes, inside the lines of the armies of the confederate states, to David Goff, who was the attorney on the record who brought the suit, and that the said Goff never paid over to the complainants the said treasury notes, or any part thereof.

The payment of a judgment or decree to the attorney of record, who obtained it, before his authority is revoked and due notice of such revocation given to the defendant, is valid and binding on the plaintiff, so far as the defendant is concerned. *Yoakum* v. *Tilden et al.*, 3 W. Va. Rep., 167. But it must be a payment of money, or if not a payment of money, it must be accepted by the plaintiff in lieu of money, or the attorney must have special authority to receive it. *Smock* v. *Dade*, 5 Randolph, 639. Confederate states treasury notes were not such money as an attorney could receive in payment of his client's debt; therefore the payment to the said Goff was not a payment of the decree.

Whether I am right in this conclusion or not, it is clear that no payment to the said Goff would have been good, as his relation as attorney had ceased, or was at least suspended, by reason of his having gone inside of the lines of the armies of the confederate states.

The appellant claims that the decree should have been credited with the individual debt paid to Goff. The cause does not show that the said Goff had any individual debt against the defendant William J. Harper; nor was the said Goff a party to the suit or to the *scire facias* to revive it. The court below did not undertake to pass upon the question made by the appellant, and under the circumstances could not have done so. Any question of the sort is open to the consideration of the court hereafter, on a proper case made.

The decree complained of will have to be affirmed, with damages and costs to the appellees.

BERKSHIRE, P., concurred with Maxwell, J.

MOORE, J. Without expressing any opinion at this time, as to whether or not confederate states treasury notes might then have been received by an attorney in payment of his client's debts, concurs on the other ground, that the relation of attorney did not exist at the time of the payment, and that the decree complained of be affirmed.

DECREE AFFIRMED.