Anderson, J.,
delivered the opinion of i'the court.
The court is of opinion that there is no •error in the judgment. Johnson was promptly informed by his attorney, Bekem, •of the payment made to him on the 5th of April, 1862, in confederate money, upon his ■executions against Gibbons. Johnson admits that he made no reply to the letter of Mr. Bekem informing him of the payment; for which he assigns the very insufficient reason, that he had no authority to collect the debt for him. ’ Mr. Bekem was an attorney at law, engaged in the practice of his profession in connection with Mr. Campbell, in ' the firm name of Bekem & Campbell, when they receipted to Mr. Johnson for the ■notes upon which they obtained the judgments for which the executions in question -were issued. In their receipt they say: '“Received of James M. Johnson, for collection, • a note” — which they describe — also “another note” — which they describe — and conclude, “on the above notes we are to bring suits, and prosecute them to judgment, and to'have a fee of $5 in each case,” &c. Th-isplast .clause of the receipt seems to indicate that 'the undertaking of the attorneys was to. prosecute the suits to judgment, for which their compensation is fixed; but it can hardly be construed as a revocation of the first clause, which authorizes them to collect, or of the general authority of an attorney to collect. Though it may be construed to relieve them from the obligation to collect, and from the corresponding compensation or commission for collecting, which it is probable was intended, it cannot be construed, we think, to deny to them the authority to collect, or to limit them to the function *of prosecuting the claims to judgment. And this view is confirmed by the fact, that a motion was prosecuted by the same attorneys against the deputy sheriff, to a judgment for a fine of fifty dollars, for failing to return the executions.
If Johnson was really of opinion that Bekem had no authority to collect the money, he had reason to believe, from what has been narrated, and from his having actually received the money, that he considered he had authority to collect it; and so far from the fact of his belief that he had not, furnishing a reason or excuse for not replying to his letter, it made it the more incumbent on him to have promptly replied, and to‘ have informed him that he did not acknowledge his authority to collect the money, and that he did not approve of his receiving confederate money, and would not receive it from him. Mr. Justice Greer, of the supreme court of the United States, in Law v. Crop, 1 Black’s R. 539,' says, speaking for the whole court: “When informed by his agent of what he had done, if the principal did not choose to affirm the act, it was his duty to give immediate information of his repudiation. He cannot, by holding his peace and apparent acquiescence have the benefit of the contract (in this case payment) if it should turn out to be profitable, and retain a right to repudiate it if otherwise. The principal must, therefore, when informed, reject within a reasonable time, or be deemed to adopt by acquiescence.”
It does not appear that Bekem had ever received an intimation that his client did not wish him to collect the executions, or that he would not receive confederate money in payment. It was contended by the learned counsel for the plaintiff in error that Heiskell, 'the sheriff, was aware of it. If he was, it is not presumable *that he would have communicated it to the attorney to whom he offered to pay it; nor can it be presumed that he communicated it to the debtor Gibbons, who swears that he had no notice that Mr. Bekem was not authorized to collect; and if Bekem had been thus restricted in the general powers of an attorney, the debtor’s payment to him would not be invalidated unless he had notice of the restriction.
But was Heiskell, through whom the payment was made to Bekem, aware that Johnson was unwilling to receive confederate money at the time he made the payment in question? It seems that about a year before, he informed Johnson that he had levied his executions upon cattle, and that unless he would attend the sale and bid on them, and make them bring about as much as they would have brought the fall before, under a law then in force, he could not make his money, when Johnson declined, and said he would take nothing but gold or coin for his debt. At that time confederate money was not in circulation, and he could not have *645 made the declaration with reference to it. And will Heiskell be held to have had notice from that casual conversation, twelve months afterwards, when confederate money was freely paid out and received by the banks and in all business transactions, and had become the almost exclusive circulating medium of the country, that Johnson was unwilling to receive payment of his debt in that currency, which it is known to the court that many persons then regarded as equal to coin as a medium of exchange? We think not. And after silently acquiescing in the payment made to his attorney, without an intimation to the defendant in error, to the contrary, so far as this record shows, from the 5th of April 1862, when it was *made, until the 19th of January 1874, when the executions in question were sued out, it would not be equitable nor reasonable, that he should be allowed to repudiate it now. Upon the whole, the court is of opinion to affirm the judgment of the circuit court.
Judgment affirmed.
ATTORNEY AND CLIENT.
I. Definition.
II. Admission.
A. Statutory Regulations for Obtaining License.
1. In General.
2. Practising Lawyer in Another State.
B. Eligibility.
O. Oath.
D. License Tax.
E. Effect of Acting as Attorney.
III. Privileges, Disabilities and Liabilities.
A. General Nature of Office of Attorney.
B. Exemption from Arrest.
C. Assignment as Counsel by Court.
D. Liability for Costs.
E. Liability for Contempt.
F. Influencing Legislation.
IV. Suspension and Disbarment.
A. Jurisdiction.
B. Grounds.
C. Proceedings.
V. Dealings between Attorney and Client.
A. Agreement for Additional Compensation.
B. Purchase from Client.
C. Acquiring Property Adversely to Client’s Interest.
D. Privileged Communications.
VI. Retainer and Authority.
A. Presumption and Proof of Retainer.
1. In General.
2. Estoppel to Deny Authority.
B. Extent of Authority.
1. In General.
2. Acting for Persons Other Than Clients.
3. Submission to Arbitration.
4. Delegation of Authority.
5. Ratification by Client.
C. Authority to Accept Payment.
1. In General.
638
2. Acceptance of Payment in Property Other Than Money.
3. Acceptance of Payment in Depreciated Currency.
4. Acceptance of Less Than Amount Due-Compromise.
5. Acceptance of Payment in Satisfaction of Judgment.
6. Acting for Persons Having Different Interests.
VII. Liability of Attorney to Client.
A. Liability for Negligence.
1. In General.
2. In the Collection of Demands.
3. In the Conduct of the Action.
B. Liability for Money Collected.
0. Liability for Interest.
D.Defense to Action-Statute of Limitations.
VIII. Compensation.
A. Right to Compensation.
B. Amount.
C. Contingent Pees.
D. When Attorney’s Pees Recoverable as Part of Damages.
E. Payment of Attorney’s Pees Out of Trust Funds —Reimbursement.
IX. Lien of Attorney.
I. DEFINITION.
An attorney is defined to be one who is set in the place of another, and he is either public, as an attorney at law, or private, as being delegated to act for another, in private contracts or agreements. In re Leigh, 1 Munf. 468.
II. ADMISSION.
A. Statutory Regulations for Obtaining License.
1. In General. — For the rules and regulations for licensing persons to practise law in Virginia, see Acts 1895-6, p. 49; Rules of Supreme Court, 95 Va. xv, 4 Va. Law Reg. 252. Por form of application, recommendation and certificate, see 3 Va. Law Reg. 153. For questions propounded by the supreme court at recent bar examinations, see 2 Va. Law Reg. 774; 3 Va. Law Reg. 315, 465; 4 Va. Law Reg. 270, 405, 707; 5 Va. Law Reg. 273, 422, 723.
2. Practising Lawyer in Another State. — Under Va. Code 1887, §3192, as amended by Acts 1897-8, p. 400, any duly licensed and practising lawyer of another state may practise in Virginia without further examination. See 4 Va. Law Reg. 326.
A Virginia license to an attorney, resident in West Virginia at the time of its formation, avails as fully as if granted in the latter state. Ex parte Quarrier, 2 W. Va. 569.
B. Eligibility. — A person, who had practised as an attorney before the Civil War, applied for admission to practise in the courts of West Virginia. He admitted that he had voted for the ordinance of secession, that he had voluntarily entered the military service of the Confederate States, and that he had borne arms against the United States of America. He also produced a copy of the amnesty oath which he bad taken and subscribed under the proclamation of the chief executive of the United States. Held, that as the applicant had notbeen convicted of treason according to the course of the common la.w, and as no treason against the state to whose courts he applied for admission had been proved or confessed, he could not be refused permission to qualify and practise. Ex parte Quarrier, 2 W. Va. 569.
*646 C. Oath. — An attorney is not bound, as a requisite to his admission to the bar of any court, to take the oath prescribed by the act to suppress duelling'. In re Leigh, 1 Munf. 468.
An attorney is not an officer within the meaning of the act of November 16th, 1863, and is not required to take the oath therein prescribed for officers. Ex parte Faulkner, 1 W. Va. 269.
A licensed attorney has' as unquestioned a right to qualify by taking the oaths required at the time of his application for admission as he has to practise after he has qualified. Ex parte Quarrier, 2 W. Va. 569.
A pardon granted to rebels from the federal government restores the parties to the rights and privileges derived from it only. It does not entitle an attorney, who was admitted to the practice of the law before the Civil War, to resume his practice without complying with the terms of the state statute requiring a certain oath to be taken by attorneys. Ex parte Hunter, 2 W. Va. 122. This case, however, was practically overruled by Ex parte Garland, 4 Wall. (U. S.) 333.
A person, who had qualified as an attorney before the passage of the attorneys’ test oath act of February 14,1866, did not acquire such a vested right in the office of attorney as released him from being required to take the oath prescribed in that act. Nor is said test oath act unconstitutional. Ex parte Quarrier, 4 W. Va. 210.
D. License Tax. — A city ordinance imposing a specific license tax “on every attorney at law” includes nonresident attorneys who have offices and practise their profession in the city, as well as resident attorneys. Petersburg v. Cocke, 94 Va. 244, 26 S. E. Rep. 576.
' The city of Richmond has authority to lay a tax on lawyers as such. Ould & Carrington v. Richmond, 23 Gratt. 464.
EAEffect of Acting as Attorney. — If a suit is brough t by an attorney not qualified to practise, it should not be dismissed,; - but the attorney should himself suffer the punishment imposed by law. Rader v. Snyder, 3 W. Va. 413.
111. PRIVILEGES, DISABILITIES AND LIABILITIES.
A. General Nature of Office of Attorney. — While one person was holding the office of county judge under an unexpiréd commission, another was appointed thereto. Held, that the former did not abandon his title to the office by taking up the practice of the law, an attorney not being an officer. In re Bland & Giles County Judge Case, 33 Gratt. 443.
An attorney at law is not a public officer, Nor is the practice, of the law an office or place within the meaning of the act to suppress duelling. In re Leigh, 1 Munf. 468:
The clerk of a court cannot be permitted to practise as an attorney in the court of which he is clerk, although he has a license to practise in all the courts of the commonwealth. Ex parte Collins, 2 Va. Cas. 222.
In a criminal trial, the prosecutor may employ counsel to aid the attorney for the commonwealth, and such counsel will be permitted to aid in the prosecution Hopper v. Commonwealth, 6 Gratt. 684.
B. Exemption from Arrest. — Attorneys at law are exempt from'arrest in civil suits during their attendance at court. Commonwealth v. Ronald, 4 Call 97.
C. Assignment as Counsel by Court. — Courts of equity, as well as the common law courts, have jurisdiction in suits of paupers for freedom; and, in a proper case, will appoint counsel to prosecute for the pauper. Dempsey v. Lawrence, Gilmer 333.
D. Liability for Costs. — Where an attorney knowingly brings ejectment in the name of a deceased demandant, he is liable for cost. Howard v. Rawson, 2 Leigh 733.
E. Liability for Contempt. — The failure of an attorney in a cause to attend court at the time of trial previously fixed with his consent is not a contempt of court where it appears that he subsequently accepted a retainer, and entered upon the trial of another cause with every reasonable expectation of being able to complete it before the time fixed for the hearing of the first cause, and, finding this impossible, .notified the court of the fact, and disclosed a courteous and respectful consideration for the court. Wise v. Commonwealth, 97 Va. 779, 34 S. E. Rep. 453.
Where a rule is made against a person to show cause why he shall not be punished for a contempt of the court in aiding to obstruct the execution of its decree, he purges himself of the contempt by answering under oath that in what he had done he acted as counsel in good faith with no intention of committing any contempt of the court. Wells v. Commonwealth, 21 Gratt. 500.
F. Influencing Legislation. — Section 6, chapter 5 of the Criminal Code, Acts 1877-78, p. 285, aims at the offense of paying money or other compensation to secure the passage or defeat of any measure, and was doubtless intended to apply to the use of money in buying votes, etc., and not to contracts with attorneys for purely professional services. Hence contracts for the latter purpose are valid. Yates v. Robertson, 80 Va. 475.
IV. SUSPENSION AND DISBARMENT.
A. Jurisdiction. — Circuit courts have jurisdiction and power, upon their own motion, without formal complaint or petition, in a proper case, to strike the name of an attorney from the roll, provided he had reasonable notice, and an opportunity to be heard. State v. McClaugherty, 33 W. Va. 250, 10 S. E. Rep. 407.
B. Grounds. — The circuit court may, by summary proceedings, according to the common law, strike from its roll the name of an attorney who is guilty of writing and publishing in a newspaper a false and libelous charge against the judge of such court, in respect to his official conduct, and the disclaimer by the attorney of intentional wrong or disrespect to the judge or court will not excuse him, when the contrary appears upon a fair interpretation of the language employed. State v. McClaugherty, 33 W. Va. 250, 10 S. E. Rep. 407.
C. Proceedings. — Under the provisions of 1 Rev. Code 1819, ch. 76, § 6, a court cannot, for malpractice of an attorney, committed in its presence, suspend the license of the party offending, in a summary way, but must direct an information to be filed against him, and inflict the punishment on the verdict of guilty found on such information. Ex parte Fisher, 6 Leigh 619.
V. DEALINGS BETWEEN ATTORNEY AND CLIENT.
A. Agreement for Additional Compensation. — Dealings between an attorney and his client for the former’s benefit are presumptively invalid as constructively fraudulent, and the onus is on the attorney to show that the contract was perfectly fair, and was entered into by the client freely and with full understanding as to his rights and as to its effect. Thomas v. Turner, 87 Va. 1, 12 S. E. Ren. 149.
*647 Va. Code 1873, ch. 160, § 2 (see Code 1887, § 3201), enacting- that “any contract made with an attorney for other or higher fees shall he valid and may be enforced in like manner with other contracts” does not apply to an agreement made after the relation of attorney and client is established. Thomas v. Turner, 87 Va. 1, 12 S. E. Rep. 149.
An agreement in a note “to pay, in default of payment at maturity, ten per centum on the face of this note, for attorney’s fees for collection” is a penalty, and not enforceable. Rixey v. Pearre, 89 Va. 113, 15 S. E. Rep. 498.
B. Purchase from Client. — Where an attorney at law undertakes the collection of a claim for his client and, while such relation exists, buys the claim from his client, whether under false representations or not. or even if the claim was sold for an adequate price, such sale is voidable at the option of the client Lane v. Black, 21 W. Va. 617. But such sale cannot be avoided after it has been deliberately ratified or confirmed on full information. Lewis v. Broun, 36 W. Va. 1, 14 S. E. Rep. 444.
An attorney cannot, as a general rule, make a valid purchase of the property of his client in litigation, but the same is voidable at the option of the client. However, the suit to avoid such sale must be brought within a reasonable time. Nor can it be set aside as against subsequent purchasers for value without notice; the only remedy of the client in such case being against the attorney. Lewis v. Broun, 36 W. Va. 1, 14 S. E. Rep. 444.
C. Acquiring Property Adversely to Client’s Interest. —In a suit by the beneficiaries against the trustee for an accounting, the court directed a sale of the trust estate and a partition of the proceeds. The attorney of the trustee bought in the property in the name of a third person, and the sale was confirmed in ignorance of this fact. Held, that the beneficiaries have a right to have the sale set aside without any inquiry as to the adequacy of the price. Newcomb v. Brooks, 16 W. Va. 32.
Conflicting Interests. — An attorney employed in a cause is not a competent commissioner to take an account ordered in the cause. Bowers v. Bowers, 29 Gratt. 697.
D. Privileged Communications. — There is no rule of law better settled than that a counsel, solicitor or attorney .shall not be permitted to divulge any matter which has been communicated to him in professional confidence. Chahoon’s Case, 21 Gratt. 822; Parker v. Carter, 4 Munf. 273.
Ah attorney, employed as such to draw a deed, must be considered as acting in the line of his profession, and bound to conceal the facts disclosed by the person who employs him. Parker v. Carter, 4 Munf. 273.
Communications by assignor to attorney of as-signee are not privileged where the attorney was acting for his client. Hall v. Rixey, 84 Va. 790,6 S. E. Rep. 215.
Under the particular circumstances of this case, a letter written by a mortgagee to his attorney, informing him that the mortgage debt had been paid, and requesting him to dismiss a suit then pending to foreclose the mortgage, was held to be proper evidence in a controversy with the executor of the mortgagee, who had revived the proceedings to foreclose. Lyle v. Higginbotham, 10 Leigh 63.
Waiver. — The rule of law which protects professional communications is for the benefit of the client, and there is no doubt he may waive this protection, but the waiver must be distinct and unequivocal. Tate v. Tate. 75 Va. 522.
VI. RETAINER AND AUTHORITY.
A. Presumption and Proof of Retainer.
1. In General. — Where an attorney institutes a suit, he is presumed to have authority to appear. Low v. Settle, 22 W. Va. 387; Fisher v. March, 26 Gratt. 765.
Where the petitioner in a petition suit died and the suit was revived in the name of his widow and infant son, the counsel employed by the deceased petitioner will be presumed, in the absence of evidence to the contrary, to be continued as counsel in the cause. Wilson v. Smith, 22 Gratt. 497.
Where an execution is delivered to the sheriff of a county other than that in which the creditor resides, and the creditor employs an attorney, practising in the sheriff’s county, to collect the money, without, however, giving the attorney a written order, and the attorney makes a demand of the money from the sheriff; such demand, if no objection be made at the time to the authority of the attorney to receive the money, is a sufficient demand to justify a judgment against the sheriff. Chapman v. Chevis, 9 Leigh 297.
Where an attorney makes an acknowledgment of service on the back of the summons, it avill be presumed that he had authority for so doing. Marling v. Robrecht, 13 W. Va. 440.
2. Estoppel to Deny Authority. — Where a court, having j urisdiction of plaintiffs’ ancestor’s estate and person, orders sale of latter’s property to satisfy his indebtedness, and the record shows that plaintifls appeared and were made parties, and that they acquiesced in the sale and took no steps to avoid it for thirteen years, knowing that the purchasers had sold the property, such plaintiffs cannot annul the sale on the ground that they were never summoned or appeared in the cause; and where it appears that the attorney for plaintiffs’ ancestor was authorized to represent him in such suit, and that plaintiffs were aware of such fact and did not, after their ancestor’s death, revoke or question his authority pending said suit, such plaintiffs, after such sale has been made, are estopped from denying the said attorney’s authority to represent them in said suit. Marrow v. Brinkley, 85 Va. 55. 6 S. E. Rep. 605.
B. Extent of Authority.
1. In General. — The attorney for a husband and wife, in whose favor a decree has been obtained, has authority to instruct the clerk to correct a palpable error therein, which resulted from a mistake in the calculation of interest. Hill v. Bowyer, 18 Gratt. 364.
The counsel in an action has authority to do such acts only as his client, if in court, might do himself’ He has no authority to enter into private or execu-tory contracts; nor can he bind a person not a party to the suit. Herbert v. Alexander, 2 Call 498.
An attorney who is counsel for parties having interests adverse to those of infant parties cannot be allowed to consent to a decree on behalf of such infants. Walker v. Grayson, 86 Va. 337, 10 S. E. Rep. 51.
2. Acting for Persons Other Than Clients. — in a suit to set aside a fraudulent conveyance made by a husband to his wile, where depositions are taken after notice given to the wife, the counsel of the wife has no right to appear for her husband, at her request, to object to the depositions for him. on the ground that he had no notice of the taking of such depositions. Silverman v. Greaser, 27 W. Va. 550.
3. Submission to Arbitration. — While an attorney at *648 law, as such, has no authority, before or after the institution of a suit, to make an agreement in pais to submit his clients’ cause to arbitrators, he may, if his clients are adults, consent in open court to submit their cause to arbitration. McGinnis v. Curry, 13 W. Va. 29.
4. Delegation of Authority. — where an attorney at law has been employed to prosecute a suit, he cannot, in the absence of direction, from his client, delegate his authority as such to another attorney. Crotty v. Eagle, 35 W. Va. 143, 13 S. E. Rep. 59.
An attorney of record, or the original counsel employed by a party to collect a debt, or conduct a suit, may appoint another to act in his place, if so authorized by his client. Ellis v. Heptinstall, 8 W. Va. 388.
5. Ratification by Client. — An attorney at law, employed to collect a debt, takes in satisfaction thereof the debtor’s assignment to the creditor of a bond of third persons held by the debtor, and institutes a suit on the assigned bond against the obligors. The creditor prosecutes the suit, which is long pending, and pays the costs therein incurred. Reid, that the creditor does not thereby ratify the act of the attorney in commuting the original debt; and the recovery againstthe obligors in the assigned bond having proved unavailing, the debtor’s original liability still continues. Wilkinson v. Holloway, 7 Leigh 277.
Where an attorney at law, employed to collect a debt, accepts notes, bonds, etc., of the debtor as collateral security for the debt, such agreement becomes binding when ratified by his client. But a recitation in a bill afterwards filed against the debtor that the attorney had made such an agreement is not necessarily a ratification. Wiley v. Mahood, 10 W. Va. 206.
C. Authority to Accept Payment.
1. In General. — In general, payment to an attorney is good, especially if he has possession of the evidence of the debt. Under particular circumstances, it may be otherwise; as if notice be given that no such power is vested in the attorney. Hudson v. Johnson, 1 Wash. 9.
Where a judgmentor decree is paid to the attorney who obtained it, before his authority is revoked, and due notice of such revocation given to the defendant, such payment is' valid and binding on the plaintiff, so far, at least, as the defendant is concerned. Yoakum v. Tilden, 3 W. Va. 167.
An attorney’s receipt for claims for collection may be so far added to by parol testimony as to show a contemporaneous additional contract on the part of the attorney to receive the claims as collateral security for debts due him from the client. Tuley v. Barton, 79 Va. 387.
A receipt was given by attorneys for certain notes, received for collection, containing a description of the note followed by the clause, “On the above notes we are to bring suits, prosecute them to judgment, and to have a fee of five dollars in each case.” Reid, that while this clause may be construed to relieve them from the obligation to collect, and from the. corresponding compensation for collecting, it cannot be construed to deny to them the authority to collect. Johnson v. Gibbons, 27 Gratt. 632.
2. Acceptance of Payment in Property Other Than Honey. — Where an attorney is employed to collect a debt, he has no authority to accept anything else in satisfaction or as collateral security for the debt without express authority from his client. Kent v. Chapman, 18 W. Va. 485; Wilkinson v. Holloway, 7 Leigh 277.
An attorney has no right to receive a bond from . the debtor in discharge of his client’s claim, without the assent of his client. If he does, he is the agent, not of the plaintiff, but of the defendant, and the plaintiff may still proceed against the defendant. Smock v. Dade, 5 Rand. 639, 16 Am. Dec. 780.
Substituting Attorney's Personal Debt. — Where an attorney employed to collect a debt discounts from it a debt he himself owes the debtor, and takes for the balance the debtor’s assignment of a bond of third persons, the creditor is not bound by such arrangement. Wilkinson v. Holloway, 7 Leigh 277; Wiley v. Mahood, 10 W. Va. 206.
3 Acceptance of Payment in Depreciated Currency. — An attorney has no authority to receive depreciated-currency in satisfaction of his client’s debt. Harper v. Harvey, 4 W. Va. 539.
4. Acceptance of Less Than Amount Due — Compromise. — An attorney at law, employed to collect a debt, merely as such, has no power to compromise after judgment, and accept a sum of money less than the full amount of the judgment as satisfaction. Watt v. Brookover, 35 W. Va. 323, 13 S. E. Rep. 1007.
Where an attorney collects a portion of his client's debt and gives a fraudulent receipt for the whole amount, such receipt is not binding on his client. Chalfants v. Martin, 25 W. Va. 394.
In the absence of express authority, an attorney has no power to compromise or settle his client’s claim. Crotty v. Eagle, 35 W. Va. 143, 13 S. E. Rep. 59.
5. Acceptance of Payment in Satisfaction of Judgment. — An attorney may receive the money due on a judgment and his receipt will discharge the judgment. Branch v. Burnley, 1 Call 147; Wilson v. Stokes, 4 Munf. 455.
6. Acting for Persons Having Different Interests.— Where an attorney employed to collect a debt, without the consent of his client, accepts bonds, etc., of the debtor, with the understanding that he is to collect and apply them as payment on the claim when collected, he is acting as attorney for the debtor, and not as attorney for his original client. But as soon as he receives any money on the claim, thus put in his hands for collection by the debtor, it is a payment, to that extent, less his fees for collecting, upon the claim of his original client. Wiley v. Mahood, 10 W. Va. 206.
An attorney receives a claim for collection, brings suit upon it and obtains judgment. The debtor then puts into his hands the bond of a third person for about the amount that is due on the judgment; and the attorney gives him a. receipt by which he says he has received the bond on which he is to bring suit, and after paying himself his fee and commission, is to apply the balance to the credit of the judgment. The attorney receives the money on the bond but does not pay it over to the creditor. Reid, that this is a valid payment by the judgment debtor-Smith v. Lamberts, 7 Gratt. 138.
VII. LIABILITY OP ATTORNEY TO CLIENT.
A. Liability for Negligence.
i. In General. — While an attorney is not bound to-undertake to conduct a suit for another without compensation, yet if he voluntarily engages to do so, he is liable for the consequences of his improper management, and cannot allege a want of consideration for his services. Stephens v. White, 2 Wash. 203.
An attorney, acting in accordance with his best judgment, after consultation with other attorneys, cannot be considered negligent. Tanner v. Bennett, 33 Gratt. 251.
*649 2. In the Collection of Demands.— An attorney accepted confederate currency in settlement of his client’s claim. At the time this was the only currency, and very little depreciated. Held, that tie was not liable to his client for receiving- such money, he not having- forbidden it. Pidgeon v. Williams, 21 Gratt. 251.
Where the client fails to show that claims putin the attorney’s hands were solvent, or that the attorney was negligent in the discharge of his duty, or that he was injured by the attorney’s conduct of the business, the attorney is not chargeable. Staples v. Staples, 85 Va. 76, 7 S. E. Rep. 199.
3. In the Conduct of the Action. — Where an attorney hs charged with negligence in failing to file a declaration, the proof must show that he was employed at the time when it should have been filed. Stephens v. White, 2 Wash, 203.
B. Liability for Money Collected. — A purchaser at a judicial sale executed her bonds to S as receiver. To him, as her attorney, she also assigned certain claims to collect and pay on her bonds. Part of the collections he applied as directed; the balance he did not so apply. There was nothing to show that he had charged himself, as such receiver, with said balance. Held, that as S collected the money as the purchaser’s attorney, she was not entitled to have it credited on her bonds until he had so applied it. Paxton v. Steele, 86 Va. 311, 10 S. E. Rep. 1.
A debt due from an attorney to his client for money collected on a judgment is only a debt by simple contract. Gathright v. Marshall, 1 H & M. 427.
An attorney, having collected a debt, deducted Ms fees from the amount, and deposited the balance in a bank of good credit, not in his own name but to “collection account.” an account in which he deposited all money collected by him for his clients. The name of the client, for whose benefit the deposit was made, was written in the bank book opposite the entry of the deposit. The client failed to call for the money for several years and in the meantime the bank had failed. Held, that the attorney was not liable for the money so lost. Pidgeon v. Williams, 21 Gratt. 251.
Where a decree is collected and the money paid to the plaintiff’s attorneys and disposed of as the plaintiff directs, after reversal, an action will not lie against attorneys to recover the money paid by a defendant who did not appeal, because of want of privity between him and them. Green v. Brengle, 84 Va. 913, 6 S. E. Rep. 603.
The 15 per cent, damages allowed by act, Peb. 18,1819, against sheriffs for failing to pay money received on executions, is not recoverable against an attorney, who receives the money of his client and fails to pay it to him. Taylor v. Armstead, 3 Call 200.
C. Liability for Interest. — Prior to statutory enactment, Va. Code 1887. § 2676, allowing interest in such case, where an attorney at law was employed to coL lect debts, and some of them were lost to his client through his negligence, he was chargeable for the principal of the debts so lost, but not with interest thereon. Rootes v. Stone, 2 Leigh 650. This case seems to be in conflict with Chapman v. Shepherd, 24 Gratt. 385.
D. Defense to Action — Statute of Limitations. — The statute of limitations is a good plea to a suit in equity brought to recover money collected by an attorney for his client and not accounted for by him. Kinney v. McClure, 1 Rand. 284.
VI». COnPJBNSATION,
A. Right to Compensation. — A law firm was employed to assist in the prosecution of a suit in the state court upon a contingent fee, and when the cause was ready for trial, the plaintiff, without1 the consent of his counsel, dismissed his suit in the state court, and employed one of the said firm, after the dissolution of the partnership, to bring a suit in the circuit court of the United States for the same purpose, and filed substantially the same bill. Held, that this was a separate and distinct suit, that the former employment had nothing to do with it, and. that the old firm was not entitled to any of the fees-earned in the new suit. Tomlinson v. Polsley, 31 W. Va. 108, 5 S. E. Rep. 457.
A client cannot refuse to pay Ms attorney his fees, although he is practising without a license. Yates v. Robertson, 80 Va. 475.
Upon the final determination of a cause, the decree for costs must follow the recovery, and go to the party who substantially prevails. And upon no principle can the attorneys of the losing party be adjudged fees out of the amount recovered by the winning party. Allen v. Shriver, 81 Va. 174.
B. Amount. — In a contest between an attorney and his client about the amount charged for fees, where it appears that the client is old and ignorant, and wholly unacquainted with the conduct of business affairs, it is the duty of a court of equity to scrutinize with jealous care the transactions between them and to allow no advantage to be taken of the client’s necessities and inexperience. It is incumbent upon the attorney to show that the transactions were fair, and that the fees charged were reasonable and just. Cullop v. Leonard, 97 Va. 256, 33 S. E. Rep. 611.
An agreement between attorneys and their client, whereby they should “have ten per cent, on whatever might be recovered in a certain chancery suit * * * * * for their services in the prosecution of it; and if nothing were recovered in it, then no compensation for their said services, in attending before the commissioners to take accounts, or in court, or in taking depositions,” is not such an agreement as is forbidden by 1 Rev. Code 1819, ch. 76. § 14, for it comprehends services not embraced by that act, such as taking depositions, etc. Major v. Gibson, 1 Pat & H. 48.
An agreement that an attorney shall receive ten per cent, on the amount which he may succeed in getting reduced on a certain decree against his client is not champertous. Nickels v. Kane, 82 Va. 309.
The clerk of the court cannot tax against the losing party in a suit any greater fees than those prescribed by statute. But contracts, express or implied, between attorney and client for fees, are not limited as to amount, and may be enforced as other contracts. Yates v. Robertson, 80 Va. 475.
C. Contingent Fees. — p. & Son, attorneys, contracted in writing with L. as follows: “It is agreed that P. & Son are to receive $100 certain and if the suit (referred to and mentioned in the agreement) is decided in favor of L. then P. & Son are to receive $200, making $300 in all.” P. &Sonbrought an action of assumpsit, setting forth the agreement and alleging that L. dismissed said suit without their consent and thereby hindered P. & Son from prosecuting said suit to a final decision, although plaintiffs were ready and willing to do so. The declaration also contained the common counts for work and labor. Held, that P. & Son were not necessarily entitled, upon issue joined on a plea of nonassumpsit, to recover the whole amount of the contingent fee *650 therein specified; but for breach of said contract, by defendant, might recover such damages, by way-of compensation for their time, labor and attention, as these were reasonably worth, and for any loss or injury they might have sustained; provided the whole recovery did not exceed the amount stipulated in the contract. Polsley v. Anderson, 7 W. Va. 202, 23 Am. Rep. 613.
D. When Attorney’s Fees Recoverable as Part of Damages. — As a general rule fees paid to counsel cannot be recovered as damages. If the injury complained of was not wanton or malicious, and exemplary damages are'not recoverable, no greater attorney’s fee can be recovered against the defendant than that prescribed by law to be taxed in favor of the winning party. Burruss v. Hines, 94 Va. 413, 26 S. E. Rep. 875, 3 Va. Law Reg. 130.
In an action on an injunction bond with condition ■“to pay all such costs as may be awarded against the plaintiff, and all such damages as shall be incurred in case the said injunction be dissolved,” fees paid to counsel in the injunction suit cannot be recovered as damages, although the bill be a pure bill of injunction. Wisecarver v. Wisecarver, 97 Va. 452, 34 S. E. Rep. 56, 5 Va. Law Reg. 462, and notes, pp. 465, 578.
In a suit upon a breach of warranty of title to land, the grantee cannot recover his counsel fees for defending the title, where the grantor had employed competent counsel for that purpose. Conrad v. Effinger, 87 Va. 59, 12 S. E. Rep. 2.
E. Payment of Attorney’s Fees Out of Trust Funds— Reimbursement. — Where trustees in good faith engage counsel to aid them in the execution of the trust, they are entitled to pay them out of the trust fund, or to be reimbursed out of that fund for all expenses which they have incurred, including reasonable attorney’s fees. Cochran v. Richmond, etc., R. Co., 91 Va. 339, 21 S. E. Rep. 664.
Creditors have no legal right to be reimbursed by their debtors for counsel fees contracted by them. Gurnee v. Bausemer, 80 Va. 867.
IX. LIEN OF ATTORNEY.
An attorney at law has a lien on the judgment or decree obtained by him for his client for services and disbursements in the case, whether the amount of his compensation is agreed upon or depends upon' a quantum meruit. This lien, however, is subject to all the eauitable liens of the defendant in such judgment or decree existing at the time of the rendition thereof. Renick v. Ludington, 16 W. Va. 378.
An attorney has no lien upon land for his fee or compensation for services in a suit wherein the land is recovered for his client. Hogg v. Dower, 35 W. Va. 200, 14 S. E. Rep. 995.
An attorney has no lien upon a fund arising from the sale of land of a person or estate, already owned by such person or estate, for services purely defensive, in resisting suits to establish demands against it. Fowler v. Lewis, 36 W. Va. 112, 14 S. E. Rep. 447.
An attorney has no lien against land for prosecuting a suit to recover it for his client, or for defending a suit to recover it from his client, or to subject it to a debt or claim. Fowler v. Lewis, 36 W. Va. 112, 14 S. E. Rep. 447; McCoy v. McCoy, 36 W. Va. 772, 15 S. E. Rep. 973.
Where an attorney is employed to institute proceedings in equity to subj ect land to the payment of debts and liens, and obtains a decree directing a sale for the satisfaction of the same, and the debtor compromises and pays off the claims asserted against him, the attorney for the plaintiff has no lien against the land of said defendant which would entitle him to a sale thereof. McCoy v. McCoy, 36 W. Va. 772, 15 S. E. Rep. 973.