GEORGE DE METS et al., Respondents, *v.* LOUIS DAGRON, Appellant.

A power of attorney giving authority to demand, sue for and recover a debt due the principal, with full power to execute sufficient releases and

discharges, gives no authority to the attorney to release the debt without satisfaction, or to satisfy a judgment obtained upon the debt, without actual payment; the power is restricted to the accomplishment of the purposes of the agency.

(Argued June 12, 1873; decided September 23, 1873.)

THIS was an appeal from order of the General Term of the Superior Court of the city of New York, affirming an order of Special Term setting aside a satisfaction of the judgment herein.

The satisfaction-piece was executed by Leonce De Mets, plaintiff's attorney, who claimed to act under a power of attorney from plaintiff, George De Mets, as follows:

"*Know all men by these Presents :*

"That I, George De Mets, of the city of Elizabeth, county of Union, and State of New Jersey, have constituted, made and appointed, and by these presents do constitute, make and appoint Leonce de Mets of said city of Elizabeth, my lawful attorney for me, and in my name and stead, and to my use, to ask, demand, sue for, levy, recover, and receive, all such sum and sums of money, debts, rents, goods, wares, dues, accounts, and other demands whatsoever, which are, or shall be due, owing, payable, and belonging to me or detained from me in any manner of ways or means whatsoever, with full power and authority to execute full satisfaction and release of any judgment or judgments that may be obtained in my favor or in the favor of George de Mets and Albert Harnickell, against any party or parties to whomsover, giving and granting unto my said attorney, by these presents, my full and entire power and authority, in and about the premises, to have, use, and take all lawful ways and means, in my name for the recovery thereof; and upon the receipt of any such debts, dues, or sums of money aforesaid, acquittances, or other sufficient discharges, for me and in my name to make, seal, and deliver, and generally all and every other act and acts, thing and things, device and devices, in the law, whatsoever needful and necessary to be done in and about the premises, for me and in my name to do, execute and perform, as fully,

largely and amply, to all intents and purposes, as I might and could do if I were personally present." * * * * * *

All that said attorney received for the satisfaction-piece was the promissory note of defendant for amount of judgment pay-payable on demand. *Held*, that the attorney exceeded his authority, and the discharge did not bind his principal or affect the rights of the plaintiffs for reasons stated above.

*T. E. Tomlinson* for the appellant.

*D. M. Porter* for the respondents.

ALLEN, J., reads for affirmance.
All concur.
Judgment affirmed.