## MARTIN *et al. v.* MATTHEWS *et al.*

(*Supreme Court, General Term, Second Department.*   December 14, 1891.)

PAYMENT—WHAT CONSTITUTES—EVIDENCE.

    A debtor transferred property to his creditors, and took employment under them in the same business which he had been conducting, and at the same place; the creditors furnishing the stock. The debtor sold goods to defendants, and allowed his own note, which had been transferred to defendants, in payment therefor. *Held,* that the transaction was illegal, and constituted no payment for the goods sold, as an agent had no power to discharge without actual payment.

Appeal from circuit court, Kings county.

Action by George W. Martin and another against James C. Matthews and another. From a judgment entered on the verdict of a jury defendants appeal. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Hastings & Gleason,* (*George S. Hastings,* of counsel,) for appellants.   *J. Stewart Ross,* for respondents.

BARNARD, P. J.   In October, 1889, one Clark Balcom bought a horse and wagon of Frank A. Pierson, one of the defendants. A note was given for the whole amount. The note was at once transferred to the defendants, and discounted for their benefit. It was partly paid by Balcom, from time to time, and renewed, and finally was reduced to $275. In December, 1889, Balcom transferred property to the plaintiffs for a past indebtedness, and took employment under them in the same business which he had been conducting, and at the same place; the plaintiffs furnishing the stock. Balcom sold plaintiffs' property to the defendants, and allowed his own note as part payment of the bill for the goods thus sold belonging to plaintiffs. The transaction

was wholly unauthorized and illegal, and constituted no payment. The proof as to the agency of Balcom, and that his sign continued over the door, has no relevancy, under the facts of this case. The defendants got plaintiffs' property, and have not paid for it. An agent cannot discharge without actual payment. *De Mets* v. *Dagrow*, 53 N. Y. 635. The judgment should therefore be affirmed, with costs. All concur.