GEORGE F. CRAM v. BERNARD SICKEL ET AL.

FILED JUNE 3, 1897. · No. 7337.

1. **Attorneys at Law: AUTHORITY: NOTICE.** A debtor dealing with an attorney who holds for collection a claim against him is bound to take notice of the extent of the authority of such attorney.

2. ——: ——. Unless specially authorized by his client, an attorney employed to collect a debt has no authority to accept in payment therefor anything but money, nor to release one of two joint debtors in consideration of the other giving security for the debt.

3. **Principal and Agent: ESTOPPEL: RATIFICATION.** In order to estop a principal because of his ratification of the unauthorized act of his agent it is not enough to show that he has in some manner approved of such act, but it must also appear that the principal made the approval with knowledge of what his agent had done and promised in the premises in his behalf.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Reversed.*

*John S. Bishop,* for plaintiff in error.

*D. L. Love, contra.*

RAGAN, C.

George F. Cram sued Bernard Sickel and Luther P. Ludden, copartners, in the district court of Lancaster county to recover a balance on account for goods sold and delivered by Cram to Sickel and Ludden. The defendants below had a verdict and judgment and Cram prosecutes here a petition in error.

To a proper understanding of the points presented in this case a short statement of the facts admitted and established by the finding of the jury becomes essential.

Prior to August, 1892, Sickel and Ludden dissolved their copartnership, the agreement of dissolution providing that Sickel should assume the liabilities and be entitled to the assets of the firm. Prior to August, 1892, Cram sent the account he held against Sickel and Lud-

den to an attorney at law residing in Lincoln, Nebraska, for collection. Sickel was at that time indebted to the attorney, and the latter presented the claims of Cram to Sickel for payment, and the negotiation between them resulted in Sickel giving to the attorney a note of the firm of Sickel & Ludden, payable to the attorney's order for the full amount of the Cram claim and the amount which Sickel owed the attorney and secured this note by chattel mortgage upon the stock of goods formerly owned by Sickel & Ludden. Subsequently the attorney seized the property conveyed by the chattel mortgage and sold it, paid the debt due to himself from Sickel, the cost of the foreclosure proceeding, and had on hand a few dollars to apply on Cram's debt.

As already stated, this suit is to recover the balance owing from Sickel & Ludden to Cram on his account. As a defense to the action Ludden pleaded that Cram's attorney agreed with Sickel at the time the latter gave him the note and chattel mortgage that he, Ludden, should be released and discharged from all liability to Cram in consideration of Sickel's giving the attorney the note and mortgage which he did give him. Whether this agreement was actually made by the attorney was one of the issues litigated on the trial, and in justice to the attorney it must be said that he strenuously denied having ever made any such arrangement; but the jury found that he had and we are constrained to say that there is sufficient evidence to sustain that finding, although the evidence is very unsatisfactory. Sickel defended the suit on the ground that at the time the attorney seized the property under the chattel mortgage he voluntarily surrendered the mortgaged property under an agreement between him and Cram's attorney that by so doing the mortgaged property should be taken and accepted in full satisfaction of the note which it was pledged to secure. Whether this arrangement was made was another issue litigated on the trial, and the jury found that it was so entered into; and the evidence, we think, supports the

finding, although we frankly confess that had we been trying the issue we should have reached a different conclusion. Soon after the attorney took from Sickel the note and chattel mortgage, he notified Cram of what he had done, and Cram approved of it. The attorney also notified Cram that he had seized the property and foreclosed the chattel mortgage and realized from that sale some $50 or $60 altogether, and the $10 or $15 of this sum that was coming to Cram was, by his consent, retained by the attorney. But Cram never had any knowledge or notice that his attorney had agreed to release Ludden, if such agreement was made, and never had any knowledge or notice that his attorney had agreed to take the mortgaged property in satisfaction of the debt, if such an arrangement was made. On the trial the district court, at the request of the defendants in error, instructed the jury as follows: "The jury are instructed that where a contract made by an agent for his principal is accepted and ratified by the principal the principal is charged with all of the instrumentalities used by the agent in obtaining the contract; and in this case, if J. S. Bishop, as agent or attorney, procured a chattel mortgage for plaintiff's benefit from the defendant Sickel upon the agreement that defendant Ludden should be released and that the chattel mortgage was accepted and enforced by plaintiff, then defendant Ludden is released as per such agreement, whether defendant Bishop had authority to make it or not." The court refused to give an instruction asked by Cram to the effect that an attorney who held a claim for collection had no authority to receive anything in payment of such claim except money, unless specially authorized so to do by his principal. We think the court erred in refusing to give the instruction requested, and erred in giving the instruction which it did. Bishop was the agent of Cram for collecting the debt owing to him by Sickel & Ludden. They dealt with Bishop knowing that he was an agent, and they were bound to take notice of the extent of his authority, and,

in the absence of express authority from his principal, Bishop was not invested with authority to accept in payment of his principal's debt the stock of goods. (*Mathews v. Hamilton*, 23 Ill., 470.)

The authority of an agent to collect the debt of his principal does not invest such agent with authority to take the property other than money of the debtor in payment of such a claim. (*Taylor v. Robinson*, 14 Cal., 396.)

Without special authority an agent can only receive payment of the debt due his principal in money in the legal currency of the country. (*Ward v. Smith*, 74 U. S., 447; *McCormick v. Wood Mowing & Reaping Machine Co.*, 72 Ind., 518; *Graydon v. Patterson*, 13 Ia., 256; *Fellows v. Northrup*, 39 N. Y., 117.)

In *Nowlan v. Jackson*, 16 Ill., 272, it was held that an attorney employed to collect a debt had no authority to compromise the debt on payment of a part thereof, nor to accept in satisfaction of such debt anything but money. (*Lewis v. Gamage*, 18 Mass., 346.)

In *De Mets v. Dagron*, 53 N. Y., 635, an attorney was authorized to collect the debt of his principal and execute a discharge of such debt. Instead of collecting the debt in money he took a promissory note of the debtor payable to his principal's order in payment of a judgment in favor of his principal and against the debtor and released such judgment, and the court held that the attorney exceeded his authority, and the discharge of the judgment did not bind his principal.

In *Miller v. Edmonston*, 8 Blackf. [Ind.], 290, an attorney held three notes for collection belonging to his client signed by A and B. The attorney had no special instructions. He took a note from B for the amount of the three notes of A and B and surrendered the three notes to B, and then, at his request, B confessed a judgment in favor of the attorney's client on the note given by him; and the court held that the attorney had exceeded his authority and that his conduct was not binding upon his client. The court said: "When a demand is

placed in the hands of an attorney at law for collection without any special instructions the authority conferred upon and the duty assumed by him is to use due diligence to collect the debt by suit or otherwise. He has no authority to compromise with the debtor and cannot bind his principal by any arrangement short of an actual collection of the money." (*Hamrick v. Combs*, 14 Neb., 381; *Smith v. Jones*, 47 Neb., 108; *Moore v. Pollock*, 50 Neb., 900.)

From these authorities it is clear that if Bishop agreed that Ludden should be discharged from his debt to Cram in consideration of the note and mortgage executed by Sickel to Bishop the latter exceeded his authority and the agreement did not bind Cram; and if Bishop agreed with Sickel to take the stock of goods in satisfaction of the debt due Cram, in so doing he exceeded his authority and the agreement was not binding upon Cram. But in the instruction first quoted above the court told the jury, in effect, that if Cram accepted and enforced the chattel mortgage given by Sickel to Bishop, this was a ratification of Bishop's acts, although they were unauthorized. In view of the evidence this instruction should not have been given. In order that Cram should be held to a ratification of the unauthorized acts of Bishop in releasing Ludden and accepting the stock of goods in discharge of the debt he must have known, at the time that he approved of Bishop's taking the mortgage and foreclosing it, the terms and conditions upon which Bishop acted. In other words, to estop Cram by ratification in approving of Bishop's taking the mortgage and goods, Cram must have acted with a full knowledge of all the material facts upon which the transaction rested.

The undisputed evidence shows that if such agreements as were pleaded by Ludden and Sickel were ever made, they were not only made without authority of Cram, but made without his knowledge; and when he approved of Bishop's conduct in taking the mortgage on the goods and in selling the goods, he did so without

the slightest intimation of the agreements now pleaded by Sickel and Ludden. The instruction estops Cram by ratification simply because he approved of the taking of the mortgage and the goods, omitting entirely the knowledge upon which Cram acted. It is true that the retention by the principal of the fruits of an unauthorized act of his agent is a ratification of such agent's act. (*Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Neb., 68.) But it is also true that knowledge by the principal of the material facts is an essential element of an effective ratification by him of the unauthorized act of his agent. (*O'Shea v. Rice*, 49 Neb., 893.) It is also true that a principal must repudiate the unauthorized act of his agent within a reasonable time after such act comes to his knowledge or he will be held bound thereby, and that a principal cannot retain the fruits of the unauthorized act of his agent and at the same time repudiate such act. In this case Cram has repudiated the unauthorized agreements which it is alleged were made in his behalf by his agent, surrendered in court the note taken by Bishop for his (Cram's) debt, and sued on the open account existing between him and Sickel and Ludden, after crediting it with the proceeds derived from the sale of the mortgaged property. Cram, then, has not only repudiated the unauthorized contract of his agent, but he has done it within a reasonable time after being informed of such act, and he has restored to Ludden and Sickel all the fruits which came into his hands as the result of the unauthorized agreements made with them by Bishop. In other words, where it is sought to estop a principal because of his approval of an unauthorized act of his agent, it is not enough to show that he has in some manner approved of such act; but it must also appear that he approved it with knowledge of what the agent had done and promised in his principal's behalf.

Counsel for the defendant in error, in support of their contention that the approval by Cram of Bishop's conduct in taking the mortgage and in foreclosing it was of

itself a ratification of all Bishop's acts, cite us to *Hartley State Bank v. McCorkell*, 60 N. W. Rep. [Ia.], 197. In that case an agent surrendered certain chattel security held by the principal to secure the payment of the debt in consideration of the debtor's giving the principal real estate security, and the court held that the principal, by foreclosing the real estate mortgage, had ratified the unauthorized act of his agent; but the court puts its decision upon the ground that the evidence showed that the agent had authority from his principal to change the securities. The case is not an authority in point here.

We conclude, therefore, that Bishop, in agreeing to release Ludden and accept the stock of goods in payment of the debt due Cram from Sickel and Ludden, exceeded his authority, and his principal is not bound by such agreement; that the finding of the jury that Cram had ratified the unauthorized acts of Bishop is wholly unsupported by the evidence. The judgment of the district court is reversed and the cause remanded.

REVERSED AND REMANDED.