## J. H. BRADFORD, USE, ETC., V. J. R. ARNOLD.

1. A.'s note being in the hands of attorneys for collection, they received from him certain collaterals, consisting of claims on other parties, to be collected by them and the proceeds applied to the note ; and they gave to A. their receipt, stipulating that he should not be sued on his note unless the collat.rals could not be collected, and reciting that he guaranteed the payment of the collaterals. Suit being brought against A. on his note, he pleaded the receipt as a defense, alleging want of diligence on the part of the attorneys in respect of the collection of the collaterals. *Held*, that the attorneys' receipt could afford to A. no defense to the action ; if there was any breach of their contract with him, he had his remedy against them for damages.

ERROR from Nacogdoches. Tried below before the Hon. Samuel L. Earle.

The material facts are stated in the opinion of the court.

*R. S. Walker*, for the plaintiff. in error.—If the question were *res integra*, it would still be clear enough that the decision is not maintainable on principle; for in the first place the covenant was not made by plaintiff but by his attorneys. The defendant did not prove that said Bradford made such an agreement, nor would such one made by his attorneys bind him. A breach of the contract might furnish a ground of action against Moore & Walker, but not against Bradford; and the facts proved would exhibit a total want of any cause of complaint, morally or legally, even against Moore & Walker in favor of Arnold.

In the next place, if the plaintiff were the party to the covenant not to sue, it is still self-evident that if that covenant were collateral to the primary contract, (to-wit: Arnold and Muckleroy's note,) and the notes and claims were placed in the hands of Moore & Walker as collateral security for the payment of the note, the promise not to sue until said claims were collected is an executory contract, the remedy for the breach of which lies in

action, and entitles Arnold, under our blended system of law and equity, to assert by way of set off, damages or reconvention, and to recover whatever damages he may prove that he has sustained; but by no means do such a state of facts constitute a bar to the action.

" It seems to be settled that an express covenant not to sue the principal debtor within a limited time does not discharge the surety, because a suit may nevertheless be commenced at any time, and such a covenant is no bar, but only gives the covenantee an action for damages." (1 Pars. on Con., 514.) "A covenant not to sue within a limited time does not in any case operate as a release." (Chitty on Con., 778.)

No brief for the defendant in error.

WALKER, J.—This suit was brought in the district court on a promissory note given by Arnold & Muckleroy to Bradford for $3550.

At the date of the note, Moore & Walker, attorneys for Bradford, executed to the defendants a collateral contract in the words and figures following:.

" Received, Nacogdoches, December 18, 1860, of James R. Arnold, the following described notes and claims, which are to be collected by us, and the proceeds thereof, when collected, to be applied by us as a credit on said Arnold and Jesse H. Muckelroy's note, dated December 18, 1860, in favor of Muckelroy & Bradford or order, for three thousand five hundred and fifty dollars, with ten per cent. per annum interest from date till paid; which said note is in our hands for collection, and is not to be sued on unless the following claims cannot be collected, the payment of which said Arnold guarantees, and the commission for collecting the same to be paid us by said Arnold."

This instrument is followed by a list of notes and receipts for

notes, making the aggregate sum of $3412 60, and signed by Moore & Walker.

The suit is abandoned as to defendant Muckleroy, who is in bankruptcy.

Arnold in his pleadings avers a want of diligence on the part of Moore & Walker, and bad faith in not collecting the notes and accounts, and claims that the contract marked A and set out in this opinion is a bar to this suit. In this view the district court concurred ; which was error. The evidence is conflicting as to the diligence used by Bradford's attorneys, but it appears to be admitted, even by Arnold, that all the claims which are collectable, except one, have been collected, and it is shewn that Arnold refused to execute a bond for costs in an action to collect this claim, and did not order or advise suits to be brought on any of the claims. About $1000 have been collected and credited on Bradford's note; the remainder of the notes and claims are unpaid, and it is claimed by the plaintiff are worthless and not collectable.

The contract marked A cannot be construed as a bar to this suit. If Arnold is injured by the breach of the contract, he has his remedy for the damages he has sustained. (2 Parsons on Contracts, 219; 3 M. and W., 210; Don v. Tuttle, 4 Massachusetts, 414; Chandler v. Hancock, 19 Johnson, 129; Berry v. Bates, 2 Blackford, 118; Aloff v. Schumshan, 2 Salk. 573.)

We cannot refrain from the remark, that a little time and industry spent with the elementary authorities, would save many blunders, such as appear in this case.

The judgment is reversed and case remanded.

Reversed and remanded.