JOHN D. C. HERRIMAN v. J. SHOMON.

AUTHORITY TO COLLECT NOTE, *Limits of.* An attorney employed to collect a note is, in the absence of special directions, authorized to receive money only in payment thereof, and does not bind the client by an agreement to receive county warrants, or other property, real or personal, in payment and discharge of the debtor's liability on the note.

### Error from Cherokee District Court.

AT the October Term, 1879, of the district court, *Shomon,* as plaintiff, had judgment against defendant *Herriman,* who brings the case here. The opinion contains a sufficient statement of the facts.

*Voss & Van Syckel,* for plaintiff in error.

*S. N. Andrews,* and *H. G. Webb,* for defendant in error.

The opinion of the court was delivered by

BREWER, J.: R. Schulenberg & Co. obtained a judgment against defendant in error, plaintiff below, which they assigned to plaintiff in error, defendant below. Execution was issued upon such judgment, and levied upon a stock of goods belonging to Shomon. The latter thereupon brought this action to restrain proceedings upon that execution, alleging that the judgment had been fully paid and discharged. The case was tried by the court without a jury, and findings and judgment were in favor of the plaintiff. The court found specially, that the judgment had been paid before the issue of the execution.

It appears that a Barbour county warrant was received by the attorney of record of Schulenberg & Co., from Shomon, after the entry of judgment. Shomon claimed that the attorney received it as payment *pro tanto.* The attorney testified that he only received it to collect, and to apply the proceeds when collected upon the judgment. The warrant was never paid, and was doubtless fraudulent and worthless.

We shall not stop to consider the contradiction between these witnesses, for we think the judgment must be reversed upon the undisputed facts. There is no pretense that the plaintiffs in the judgment knew of the action of their attorney, authorized or ratified it, or that he had any special directions or authority in the matter. He had simply the general authority of an attorney in the collection of a judgment. But this general authority is to receive money only in payment. He can neither sell, assign, or compromise a judgment, nor receive notes, warrants, goods, chattels or land in payment. Receiving a county warrant is simply exchanging a judgment claim against a debtor for a claim against a county. It matters not that the debtor is insolvent and the warrant valid and valuable. The attorney is employed to collect, that is, receive the money due on the judgment, and not to trade the claim for anything although apparently or in fact more valuable. The authorities in this direction are clear and abundant. See among others: 2 Daniel on Neg. Inst., § 1245; *Chapman v. Cowles*, 41 Ala. 103; *Wright v. Dailey*, 26 Tex. 730; *Bradford v. Arnold*, 33 Tex. 412; *Moye v. Cogdell*, 69 N. C. 93; *Maddur v. Bevan*, 39 Md. 485; *Walden v. Bolton*, 55 Mo. 405; *Spears v. Ledergerber*, 56 Mo. 465; *Harper v. Harvey*, 4 West Va. 539; *Maxwell v. Owen*, 7 Coldw. (Tenn.) 630; *Campbell v. Bailey*, 19 La. Ann. 172; *Davis v. Lee*, 20 La. Ann. 248; *Mayer v. Blease*, 4 Rich, (S. C.) 10; *Carstens v. Barnstorf*, 11 Abb. Pr. ( N. S.) 442; *Beers v. Hendrickson*, 45 N. Y. 665; *De Mets v. Dagson*, 53 N. Y. 635; *Marbourg v. Smith*, 11 Kas. 554.

The attorney may be personally responsible for any contract which he made, but his clients are not bound by his agreement to receive county warrants or other property in payment of their judgment. Hence, whether the warrant was received according to the agreement as he states it, or as Shomon testifies, is immaterial so far as the satisfaction of the judgment is concerned.

The judgment will therefore be reversed, and the case remanded for a new trial.

All the Justices concurring.