PETTY et al. v. McREYNOLDS, Tax Collector.

(Court of Civil Appeals of Texas. Galveston. April 16, 1913. Rehearing Denied May 15, 1913.)

1. COUNTIES (§ 192*)—VALIDITY OF TAXES— ABANDONMENT OF PURPOSE AFTER LEVIED.

An election held for that purpose having resulted in favor of the issuance of bonds by a road precinct for the construction of graveled and macadam roads, the county commissioners' court ordered their issuance and levied a tax for the purpose of paying the interest and creating a sinking fund, and directed the county assessor to assess such tax for the year 1911, which tax was duly assessed. Before the time for the collection of such tax, a second election was held, at which it was voted to issue bonds for the construction of paved roads, and the commissioners' court thereupon ordered the issuance of such bonds, to be dated Jan-

uary 1, 1912, provided for the levy of a tax for the payment of interest and the creation of a sinking fund, and annulled and rescinded its order, authorizing the first issue of bonds, except as to the levy and collection of the tax, the proceeds of which it ordered transferred to a special fund, for the purpose of paying the interest and creating a sinking fund for the bonds authorized at the second election. *Held,* that when the issuance of the bonds authorized at the first election was abandoned the levy previously made for their payment became invalid, and the attempt to transfer the tax, when collected, to a fund for the payment of the bonds authorized at the second election was unauthorized and void, as the commissioners' court could not have levied a tax for the year 1911 for the payment of interest and creation of a sinking fund to meet bonds not to be issued until 1912; and Revised Civil Statutes 1895, art. 859, authorizing the commissioners' court to transfer money from one fund to another, expressly applies only to money in hand.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 300–302; Dec. Dig. § 192.*]

2. PLEADING (§ 210*) — DEMURRERS — REQUISITES AND SUFFICIENCY.

In an action to restrain the collection of a tax levied for the purpose of meeting bonds authorized at an election, on the ground that such issuance had been abandoned, and that the attempt of the commissioners' court to transfer such tax to a fund for the purpose of paying bonds authorized by a second election was void, so-called special exceptions to the petition, because it affirmatively appeared therefrom that the taxes had been legally levied and assessed and were due and owing, because it appeared that it was defendant's lawful duty to collect them, because it appeared that they could be lawfully collected under the first election and the order of the commissioners' court declaring the result thereof, and making a valid tax levy, as well as a subsequent order reaffirming and ratifying such levy, because it appeared that the tax could be lawfully collected under the second election and the proceedings and orders thereunder, and because, if the order rescinding the order authorizing the issuance of the first bonds and transferring the tax was valid, the tax was collectible, and, if void, its validity under the first election was not affected thereby, were "speaking" general demurrers, and presented no question not raised by the general demurrer.

[Ed. Note.—For other cases, see Pleading, Dec. Dig. § 210.*]

3. COUNTIES (§ 196*) — ENJOINING COLLECTION—LACHES.

Where, after the levy of a tax, the purpose for which it was levied was abandoned, and the commissioners' court, without authority, attempted to transfer the tax to a fund for another purpose, taxpayers did not lose their right to restrain a collection of the tax by delaying such action until the tax collector attempted or threatened to enforce such collection.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. § 196.*]

4. COUNTIES (§ 196*) — ENJOINING COLLECTION—PARTIES.

Where, after the levy of a tax, the purpose for which it was levied was abandoned, and the county commissioners' court attempted to transfer the tax to a fund for another purpose, the county judge and county commissioners were not necessary parties to a suit against the tax collector to restrain the collection of the tax.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. § 196.*]

Appeal from District Court, Anderson County; B. H. Gardner, Judge.

Action by W. R. Petty and others against J. A. McReynolds, tax collector. From a judgment dismissing the suit on demurrer, plaintiffs appeal. Reversed and remanded.

W. R. Petty, of Palestine, for appellants. W. I. Sims and N. B. Morris, both of Palestine, for appellee.

PLEASANTS, C. J. This suit was brought by appellants, who are residents and taxpayers of road precinct No. 1 of Anderson county, against appellee, who is tax collector for said county, to restrain the collection of a tax of 17 cents on the $100 valuation of property in said precinct, levied by the commissioners' court of said county to create a sinking fund and pay the interest on a proposed issue of road bonds for said precinct.

The court below sustained a general demurrer and various special exceptions to plaintiffs' petition, and, plaintiffs declining to amend, their suit was dismissed.

[1] The petition alleges, in substance, that an election regularly called and held for such purpose on June 24, 1911, in said precinct resulted in a majority in favor of the issuance of bonds in the sum of $150,000 for the purpose of constructing graveled and macadam roads in said precinct, and that on August 15, 1911, the commissioners' court of said county canvassed the returns of said election and declared the result to be in favor of the issuance of said bonds, and entered an order authorizing their issuance and levying a tax of 17 cents on the $100 valuation of taxable property in said precinct, for the purpose of paying the interest on said bonds and creating a sinking fund for their payment at maturity, and directing the county assessor to assess said tax of 17 cents for the year 1911 against each $100 worth of taxable property in said precinct; that in pursuance of said order the county assessor has assessed said tax and placed the amount of said assessment against all of the taxable property of said precinct, including the property of plaintiffs, upon the tax rolls of said county; that said tax rolls have been approved and accepted by the commissioners' court of said county and placed in the hands of defendant, the tax collector of said county, who is now demanding from plaintiffs the amounts so assessed against them. It is then alleged that no bonds were issued under the provision of said order of August 15, 1911, and no debt has been incurred by the county in pursuance of said election and order, but that such intention of the commissioners' court has been abandoned, and that portion of the order providing for the issuance of said bonds has been rescinded by said court.

By trial amendment the facts in regard to change in the plans of the commissioners' court and its abandonment of the intention

of creating a debt and issuing bonds under said order are alleged, as follows:

"That the county commissioners' court of Anderson county, and no other person with authority to do so, has or have, under the order of the county commissioners' court of the 15th day of August, 1911, and under the election held on the 24th day of June, 1911, issued bonds of justice precinct No. 1 in any amount whatever. That said bond issue, as voted for on the 24th day of June, 1911, has been abandoned by the county commissioners' court of Anderson county, and that said bonds will not in any event be issued. That the county commissioners' court of Anderson county, on the 10th day of October, 1911, duly entered an order, ordering an election to be held on the 11th day of November, 1911, in justice precinct No. 1 of Anderson county, to determine whether or not bonds of the said justice precinct No. 1 should be issued, in the sum of $150,000, for the purpose of building and constructing paved roads and turnpikes in justice precinct No. 1 of Anderson county. That on the 11th day of November, 1911, the said election was held, as directed in said order of the county commissioners' court, in justice precinct No. 1, and resulted in a majority vote for the issuance of the bonds of justice precinct No. 1 in the sum of $150,000, for the purpose stated and mentioned in said order of the county commissioners' court. That on the 14th day of November, 1911, the county commissioners' court of Anderson county canvassed the returns of said election held on the 11th day of November, 1911, and declared the result of said election to be for the issuance of bonds of justice precinct No. 1 in the sum of $150,000, and at the same time, on the 14th day of November, 1911, entered an order designating justice precinct No. 1 of Anderson county as road district No. 1 of Anderson county, and entered an order authorizing the issuance of bonds of justice precinct No. 1, designated as road district No. 1, in the sum of $150,000, said bonds to be dated January 1, 1912, and that said county commissioners' court of Anderson county, on the 14th day of November, 1911, entered an order providing thereafter for the levy of a tax sufficient to create a fund for paying interest and creating a sinking fund to pay said bonds at the maturity thereof, when and after said bonds should be issued.

"That on the 13th day of November, 1911, the county commissioners' court made and entered an order relative to the bonds voted for on the 24th day of June, 1911, and ordered issued by the county commissioners' court of Anderson county on the 15th day of August, 1911, to wit: 'Whereas, on the 24th day of June, 1911, a bond issue of $150,000 was voted in said justice precinct and the necessary order for the issue of the same was duly made and entered, and a tax of and at the rate of 17 cents on the $100 valuation of property within said justice precinct was levied and assessed, and is now being collected; and whereas, no bonds have been issued, but that the election of November 11, above mentioned, was designed to substitute the latter issue for the former: Now, therefore, it is hereby ordered by the court that the said former order authorizing the issue of the bonds in the sum of $150,000 to construct macadam and graveled roads be and the same is hereby in all things annulled and rescinded, except as to the levy and collection of said tax; and it is further here now ordered that the proceeds of said tax of 17 cents assessed value of all property in justice precinct No. 1, levied by the provisions of the former order, be and the same is hereby transferred, under the authority of article 859, to a special fund here created, to be known as road district No. 1 fund, for the purpose of paying the current interest on said bonds for the year 1912, and to create a sinking fund with which to redeem the same at maturity.' Thereby meaning that the same was transferred to the fund for paying the last-mentioned bonds. That the county commissioners' court of Anderson county have refused, and now refuse and decline, to issue the said bonds as herein first described. That there is now no action pending against the said county commissioners' court to compel them to issue said bonds herein first mentioned in plaintiffs' original petition. That the issuance of the bonds mentioned in plaintiffs' original petition and referred to herein have been abandoned and will not be issued. That by the provisions of said order of the county commissioners' court the said issue of bonds voted for on the 24th day of June, 1911, and ordered issued on the 15th day of August, 1911, has been abandoned, and that said sum of 17 cents, levied for the purpose of paying off the bonds as stated, cannot, under the said order of the county commissioners' court, be legally collected. That no bonds of any amount or in any sum, under either election mentioned in plaintiffs' original petition and in this amendment, have been issued, executed, or sold, and that there is no legal debt against justice precinct No. 1 for which the taxes levied, as complained of in plaintiffs' original petition and herein, have been created.

"That Z. A. McReynolds, tax collector of Anderson county, is now attempting to and insisting upon the collection of the 17 cents on the $100 levied to pay the bonds voted for on the 24th day of June, 1911, for the purpose of creating a fund out of which to pay the bonds which were voted for on the 11th day of November, 1911. That the said Z. A. McReynolds, tax collector of Anderson county, has no legal or lawful authority or right to collect from these plaintiffs and the taxpayers generally of precinct No. 1 of Anderson county the said sum of 17 cents on the $100 valuation of property, levied for the purpose of paying the interest and creating a

sinking fund to pay the bonds first voted for on the 24th day of June, 1911.

"That the county commissioners' court are now attempting to contract for sale the bonds of justice precinct No. 1, voted for on the 11th day of November, 1911, and ordered issued on the 14th day of November, 1911. That the taxable values of justice precinct No. 1, for the purpose of issuing bonds for building roads, will not and is insufficient to support both issues of bonds as herein and in the original petition of plaintiffs mentioned. That the applicants herein (plaintiffs) and all of the property taxpayers of justice precinct No. 1 of Anderson county are being unjustly taxed, and are being injured by the attempt to collect and demands for the payment of said taxes. Wherefore applicants sue."

·Appellee's (defendant below) exceptions and answer, filed in the trial court, are as follows, omitting the formal parts:

"First. Defendant excepts to plaintiffs' original petition and to plaintiffs' trial amendment, because the facts alleged are wholly insufficient to show any cause of action in favor of the plaintiffs against the defendant, and are wholly insufficient to show that the plaintiffs are entitled to any relief prayed for. Wherefore defendant prays judgment, etc.

"Second. Defendant specially excepts to plaintiffs' original petition and trial amendment, because it affirmatively appears therefrom that the taxes, the collection of which is sought to be enjoined, have been legally levied and assessed, and are now due and owing from the plaintiffs, and each of them, and of this exception defendant prays the judgment of the court.

"Third. Defendant excepts specially to plaintiffs' original petition and trial amendment, because it affirmatively appears from the averments thereof that it is the lawful duty of the defendant to collect the taxes sought to be enjoined, and of this he prays the court's judgment.

"Fourth. This defendant specially excepts to plaintiffs' original petition and trial amendment, because it affirmatively appears from said petition and amendment that the taxes sought to be enjoined can be lawfully collected under the first election mentioned in said petition and amendment, and the order of the commissioners' court declaring the result thereof, and making a valid tax levy thereunder, as well as the subsequent order of the commissioners' court reaffirming such levy and ratifying the same.

"Fifth. Defendant specially excepts to said petition and trial amendment, because it appears from the averments thereof that the tax sought to be enjoined can be lawfully collected under the second election referred to in said petition and amendment, and

the proceedings and orders thereunder, and of this he prays the court's judgment.

"Sixth. Defendant specially excepts to said petition and trial amendment, because if the order of the commissioners' court of date November 13, 1911, set out in plaintiffs' petition and trial amendment was valid, then defendant is entitled to collect the tax sought to be enjoined under the second election, and if void then said order did not affect the validity of the levy under the first election, nor the collection of the taxes thereunder.

"Seventh. Defendant specially excepts to said petition and trial amendment, because it affirmatively appears that the plaintiffs have not asserted any right with such degree of diligence as will entitle them to any relief in a court of equity.

"Eighth. Defendant specially excepts to said petition and amendment, because the county judge and county commissioners' court of Anderson county are necessary parties to this suit.

"Ninth. Still insisting on the above exceptions, this defendant comes now and denies each and every allegation in plaintiffs' petition and trial amendment contained, and demands strict proof."

We think the trial court erred in sustaining the demurrer and exceptions to plaintiffs' petition.

It is true that at the time the levy of the tax, the collection of which is sought to be enjoined, was ordered the commissioners' court was authorized to make such levy, and the legality and regularity of the levy cannot be questioned; but thereafter, and before the collection of the tax so levied could be enforced, the voters of the precinct, at an election regularly called and held, repealed the authority under which the court acted in making said levy by voting to issue bonds for the construction of a different kind of roads from those for which the first issue of bonds was authorized. In compliance with this mandate of the voters the commissioners' court rescinded the order theretofore made, providing for the issuance of bonds under the election of June 24, 1911. When the proposed issuance of the bonds was abandoned and the order providing for their issuance rescinded, the levy of a tax to pay interest and provide a sinking fund for said bonds was no longer authorized, and the levy previously made for that purpose became invalid. That portion of the order of November 13, 1911, rescinding the order of August 15, 1911, providing for issuance of said bonds, which directs that the tax levy of August 15th should not be rescinded, but that said tax should be collected and, when collected, should be transferred to the fund provided for paying the interest and creating a sinking fund for the redemption of the bonds issued under

the authority of the election of November 11, 1911, was unauthorized and void.

The bonds provided for under authority of the election of November 11, 1911, were not to be issued until January, 1912, and provision was made in the order of the commissioners' court directing their issuance for the levy and collection of the tax sufficient to pay the interest and provide a sinking fund for the redemption of said bonds. We think it clear that the court could not have levied a tax for the year 1911 to provide for the interest and sinking fund of bonds which were not to be issued until 1912. If it could not have directly levied such tax, it could not do so indirectly by ordering the collection of a tax levied for bonds which could never be issued, and providing that such tax, when collected, be transferred to the fund provided for the bonds to be thereafter issued.

In the case of Nalle v. City of Austin, 42 S. W. 780, and 91 Tex. 424, 44 S. W. 66, it was held that the levy of a special tax to meet the interest and provide a sinking fund for an issue of municipal bonds was void, as that portion of the tax levied for the interest and sinking fund of bonds which had not been issued, and the collection of said portion of the tax was enjoined.

In the case of Jefferson Iron Co. v. Hart, 18 Tex. Civ. App. 525, 45 S. W. 321, and Ault v. Hill County, 102 Tex. 335, 116 S. W. 359, it is held, in effect, that a tax cannot be levied for a purpose authorized by law when it is not to be used for that purpose, but is intended, when collected, to be used for a purpose for which it could not legally have been levied.

The principles upon which these decisions rest are applicable to the instant case, and sustain appellants' contention that upon the facts alleged in the petition the tax in question cannot be legally collected.

Article 859 of the Revised Statutes, cited in the order of the commissioners' court as the authority under which the court acted in directing the collection of the tax levy of August 15, 1911, and its transfer to the interest and redemption fund of the bonds to be issued under the provision of the order of November 11, 1911, does not sustain the order of the court. That article, by its express terms, applies only to "money in hand," and cannot be invoked to justify an attempt to enforce the collection of a tax levy which has become unnecessary, and therefore unauthorized, for the purpose for which it was made, and apply the tax so levied to a purpose for which it could not have been legally levied.

[2] The so-called special exceptions to the petition, before set out, except the seventh and eighth, are but "speaking" general demurrers, and present no question that is not raised by the general demurrer.

[3] There is no merit in the seventh exception, which assails the petition on the ground that plaintiffs have lost any right they might have in bringing this suit. Plaintiffs were not required to appeal to the courts to protect themselves against an illegal enforcement of said tax levy until an attempt or threat by the defendant to enforce the collection of the tax. No rule of law or equity required that the suit be sooner brought.

[4] The county judge and county commissioners of Anderson county are not necessary parties to this suit, and the eighth exception to the petition, on the ground that said officials were not made parties, should not be sustained.

It follows from the conclusions above expressed that the judgment of the court below should be reversed and the cause remanded; and it has been so ordered.

Reversed and remanded.

McMEANS, J., not sitting.