VELTMANN, County Judge, et al. v. SLATOR et al. (No. 6046.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1918. Rehearing Denied Feb. 6, 1918.)

1. COUNTIES ⚫➡196(3) — TAXATION—ILLEGAL TRANSFER OF FUNDS—INJUNCTION.

As it would be unlawful to transfer taxes levied and collected for the public building and improvement fund to the general county fund, when that fund exhausted the constitutional limit, the transfer could be enjoined.

2. COUNTIES ⚫➡190(1) — TAXATION—PURPOSE OF LEVY.

That a levy of taxes in the guise of one fund, with the intent to use for another, which thereby would exceed the constitutional limit, is illegal and void, is settled by the doctrine of stare decisis.

3. COUNTIES ⚫➡190(2) — TAXATION — SWELLING GENERAL FUND—LEGALITY.

Where commissioners levied a tax for the building fund of a county, with the intent thereby to swell the general fund beyond the limit of 25 cents on $100, as provided by Const. art. 8, § 9, the levy was void.

4. COUNTIES ⚫➡196(3) — TAXATION—ENJOINING COLLECTION.

The unlawful intent of the commissioners to transfer a tax levied for the county building fund to the general fund, thereby swelling the fund beyond the constitutional limit, was a material issue of fact, and the district judge had authority by virtue of his discretion to enjoin the collection of the tax until such issue had been determined.

5. COUNTIES ⚫➡196(7) — TAXPAYERS' SUIT—PETITION—SUFFICIENCY.

The objection that the petition does not state the amount of tax that will be collected from complainants is met by the allegation that the assessed value of the property of one is $39,000, and the other $80,000.

6. COUNTIES ⚫➡196(4) — TAXPAYERS' SUIT — CONDITION PRECEDENT.

Tender of all legal taxes was not a condition precedent to a taxpayer's suit to restrain the collection of a levy for the public building and improvement fund, no part of which was legal.

7. COUNTIES ⚫➡196(6) — TAXPAYERS' SUIT—NECESSARY PARTIES.

In a taxpayer's suit to enjoin the payment of a monthly allowance to certain county officers, such officers were necessary parties.

Appeal from District Court, Kinney County; Jeseph Jones, Judge.

Suit by J. M. Slator and others against Joseph Veltmann, County Judge, and others. Judgment for complainants, and defendants appeal. Affirmed in part, and reversed in part.

H. E. Veltmann, of Brackettville, and Lewright & Douglas, of San Antonio, for appellants. Martin & Martin and L. Old, all of Uvalde, for appellees.

SWEARINGEN, J.   J. M. Slator and Charles Gaebler, as taxpaying citizens of Kinney county, Tex., for themselves and all other like citizens who might desire to avail themselves of the proceedings instituted this suit against Joseph Veltmann, county judge of Kinney county, P. H. Fritter, A. L. Cashell,

A. M. Slator, and F. O. Long, the last four being county commissioners, the five constituting the commissioners' court of Kinney county, Tex.; and against J. F. Ray, tax collector of Kinney county, Tex. The petition was to enjoin the commissioners' court and the tax collector from collecting a tax levied, it was alleged, under the guise of a public building and improvement fund, amounting to 15 cents on each $100 worth of property in the county; the levy being for the real purpose of swelling the general fund beyond the limit of 25 cents on the $100 fixed by the Constitution, which 25 cents was also levied. The commissioners' court and the tax collector, by their sworn answer, denied that the levy of 15 cents on the $100 of property was a guise to swell the general fund beyond the constitutional limit, but averred that the commissioners, in good faith, intended to use the 15 cents for public buildings and improvements.

The court, in vacation, in a preliminary hearing upon the petition and answer, declining to hear testimony, ordered the tax collector not to collect the tax of 15 cents per $100 valuation levied for public building and improvement purposes in Kinney county for the year 1917, until further order of the court. The tax collector and the commissioners and county judge have all appealed from that order.

The contention is that the petition charged that the commissioners intended to make an illegal transfer of the taxes from the public building and improvement fund to the general fund after collection, and their remedy was to enjoin the transfer of funds, and not to enjoin the collection of a tax not forbidden by the Constitution. In other words, the contention urges that it was legal to levy and collect the 15 cents per hundred for public buildings and improvements in addition to the 25 cents per hundred for general purposes, and their levy and collection should not be enjoined. It was averred that no such diversion was contemplated; but, it is contended, even if such were the intention, the remedy would be to enjoin the unlawful transfer.

[1] No doubt it would be unlawful to use the taxes levied and collected for the public building and improvements fund for the general fund, when that fund exhausted the constitutional limit. It is so held in Williams v. Carroll, 182 S. W. 30. The act of transfer being unlawful, it could have been enjoined.

[2, 3] However, so many decisions in Texas for so long have held that a levy of taxes in the guise of one fund, with the intent to use for another, which thereby exceeded the constitutional limit, is illegal and void, that the question may be said to be settled by the doctrine of stare decisis. Such a levy is void. Jefferson Iron Co. v. Hart, 18 Tex. Civ. App. 525, 45 S. W. 321; Ault v. Hill Co., 111 S. W.

⚫➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

425; Ault v. Hill Co., 102 Tex. 335, 116 S. W. 359; Petty v. McReynolds, 157 S. W. 184. What makes such a levy void is the intent of the commissioners to swell the taxes for the general fund beyond the constitutional limit of 25 cents on the $100. Const. art. 8, § 9.

[4, 5] The unlawful intent becomes the determining question of fact to be proven by the preponderance of evidence. Until this material issue of fact can be so determined, the district judge had the authority by virtue of the discretion vested in him to issue the order enjoining the collection of the illegally levied tax of 15 cents on the $100 for public buildings and improvements. Neither do the facts alleged herein tend to show that the judge abused his discretion by refusing to hear testimony. Lone Star Lodge v. Cole, 62 Tex. Civ. App. 500, 131 S. W. 1180. The objection that the petition does not state the amount of the tax that will be collected from the complainants is met by the allegations that the assessed value of the property of one of the complainants is $39,000, and the other $80,000. The contrary of the further objection that a few taxpayers had no right to enjoin the collection of the entire levy of 15 cents on the $100 for public buildings and improvements is held in the case of City of Houston v. Baker, 178 S. W. 820.

[6] The further objection that this equitable procedure required, as a condition precedent, a tender of all legal taxes, is not pertinent to the case in hand, because the injunction asked is to restrain only the collection of those taxes illegally levied, which is the 15 cents on the $100 for the public buildings and improvement fund. No portion of this levy is admitted to be legal, but the entire levy for the public buildings and improvement fund is alleged to be void, and that is the only tax enjoined by the court. All taxes levied for all other purposes are admitted to be legal, and their collection is unrestrained.

The petition alleged other illegal acts on the part of the commissioners, and it was sought to enjoin them. These other alleged illegal acts were: (1) The commissioners paid, and would continue to pay, Romus Salmon $60 a month as jail guard at Spofford. (2) They paid, and would continue to pay, Ed Fritter the sum of $75 per month as deputy sheriff. (3) They paid, and would continue to pay, H. E. Veltmann, as county attorney, the sum of $60 a month. (4) They paid, and would continue to pay, $2 a day to a jail guard.

[7] The court by its order, in addition to restraining the collection of the tax of 15 cents on the $100 for public buildings and improvements, enjoined the payment to Romus Salmon and enjoined the payment of the $2 a day for jail guard in any manner except that designated by statute. No objection is made to the order in so far as it affects the payment of the $2 a day for jail guard, but that part of the order enjoining the payment to Romus Salmon is objected to. Inasmuch as Romus Salmon is the party most to be affected by the order, he was a necessary party to the suit, and since he was not made a party, we think the court had no authority to make that portion of the order which enjoined payment to him. Orndorff v. McKee, 188 S. W. 432.

By cross-assignments those who were petitioners below, and are appellees here, contend that the court erred in refusing to enjoin the payment of $75 a month to Ed Fritter, and also in refusing to enjoin the payment of $60 a month to H. E. Veltmann. Neither Fritter nor Veltmann were parties to this suit, though their interests are directly affected, for which reason the court was without authority to enjoin their payment. Orndorff v. McKee, 188 S. W. 432; Matagorda Canal Co. v. Markham Irr. Co., 154 S. W. 1180.

That part of the judgment referring to Romus Salmon is reversed and hereby set aside, and in all other respects the judgment is affirmed.