VELTMANN et al. v. SLATOR et al.
(No. 6116.)

(Court of Civil Appeals of Texas. San Antonio. Feb. 18, 1920. Rehearing Denied March 17, 1920.)

1. TAXATION &#x2296;611(6)—EVIDENCE HELD TO SHOW THAT IMPROVEMENT TAX WAS LEVIED WITH INTENT TO TRANSFER FUND TO GENERAL REVENUE.

In suit by taxpayers to enjoin the commissioners' court and tax collector from collecting the public building and improvement tax for a year as having been levied under a subterfuge, etc., evidence *held* sufficient to sustain finding either that no improvements were contemplated when the levy for improvements was made, or that the commissioners made levy with intent to transfer all or part of the fund to general revenue.

2. TAXATION &#x2296;611(6½)—ADMISSION BY DEFENDANTS IN TAXPAYERS' SUIT HELD SUFFICIENT TO AUTHORIZE PEREMPTORY INSTRUCTION.

In suit by taxpayers to enjoin the commissioners' court and tax collector from collecting the public building and improvement tax for a year as having been levied under a subterfuge, etc., admission by defendants that at least $600 of the special improvement fund had been used for general expenses authorized peremptory instruction by the court that part of the fund had been used for general purposes.

3. TRIAL &#x2296;232(2)—INSTRUCTION TO DETERMINE ANSWER TO SPECIAL ISSUE FROM PREPONDERANCE OF EVIDENCE NOT MISLEADING.

Where the only issue was submitted specially and was clearly defined, special instruction to the jury to determine what their answer would be to a following question by what they believed to be the truth from a preponderance of the evidence submitted before them *held* not erroneous as misleading and confusing.

4. TAXATION &#x2296;611(6) — ADMISSIBILITY OF EVIDENCE TO SHOW IMPROVEMENT TAX WAS LEVIED AS SUBTERFUGE DETERMINED.

The fact that the special improvement fund of a county was mingled with the general fund by the county treasurer, and carried thus mingled by the bank, was admissible as a circumstance, with others, to prove plaintiff taxpayers' allegation to such effect in their suit to enjoin collection of the improvement tax as levied for diversion, while the explanation that the mingling of the funds in the depositary was not intended as a transfer of the special funds to the general fund by the county commissioners was inadmissible because not explaining the fact of the mingled deposit.

5. COSTS &#x2296;37—PLAINTIFFS HELD ENTITLED TO COSTS AS "SUCCESSFUL PARTIES," THOUGH NOT RECOVERING ON EVERY COUNT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2035, the successful party to a suit shall recover all costs incurred, and plaintiffs were successful parties though they did not recover on every count, but only on some.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Successful Party.]

Appeal from District Court, Kinney County; Jos. Jones, Judge.

Suit by J. M. Slator and others against Joseph Veltmann and another. From judgment for plaintiffs, defendants appeal. Judgment reversed in part, and reformed and affirmed in conformity to answers to certified questions from the Supreme Court (217 S. W. 378).

See, also, 200 S. W. 539.

H. E. Veltmann, of Del Rio, and Lewright & Douglas, of San Antonio, for appellants.

Martin & Martin and Old & Hull, all of Uvalde, for appellees.

MOURSUND, J. As clearly and briefly stated by counsel for appellants:

"This suit was brought by appellees, J. M. Slator and Charles Gaebler, as taxpayers in Kinney county, against Joseph Veltmann, county judge, and P. H. Fritter, A. L. Cashell, F. O. Long, and A. M. Slator, constituting the commissioners' court, and J. F. Ray, sheriff, H. E. Veltmann, county attorney, and Romus Salmon and J. E. Fritter, deputy sheriffs under Sheriff Ray, for several writs of injunction, under five counts or causes of action, as follows, to wit:

"Count 1. To enjoin the commissioners' court and Tax Collector Ray from collecting the public building and improvement tax for the year 1917 upon the allegation that same had been levied under a subterfuge; that is, that the proceeds of said levy were not intended to be used for public building and improvement purposes, but for paying general expenses of the county.

"Count 2. To enjoin said defendants from diverting the portion of said public building and improvement tax already collected to the payment of accounts other than for public building and improvement purposes, upon the allegation that it was contemplated that said fund would be used to pay general expenses of the county.

"Count 3. To enjoin County Attorney Veltmann from receiving $60 per month as ex officio compensation upon the allegation that it is not being paid for any specific service, but as ex officio compensation pure and simple. (In view of some of the assignments of error urged by appellees, we here call attention to the fact that it is not alleged that said county attorney fails to render any service to the county for said compensation.)

"Count 4. To enjoin Sheriff Ray from collecting $135 per month from the county and paying $60 per month thereof to Deputy Sal-

mon and $75 per month thereof to Deputy Fritter, the allegation being made that on December 27, 1917, the commissioners' court passed an order allowing Sheriff Ray $135 per month as ex officio compensation, said amount for the year, together with other fees of office, amounting to less than the maximum fees fixed by statute, and the further allegation being made that said allowance was made as a subterfuge; it being intended indirectly to be a salary to be paid to said Deputy Sheriff. * * *

"Upon a trial before the jury the only controverted issue of fact presented by the court was as to count No. 1; the judgment of the court upon the other counts in the petition of plaintiffs being based upon peremptory instructions and independent findings of the court or as a matter of law on the undisputed testimony. Judgment was rendered on March 29, 1918, in favor of plaintiffs as to counts 1 and 2, and in favor of defendants as to counts 3, 4, and 5."

The fifth count is omitted because no error concerning it is presented.

In answer to the foregoing four counts, the appellants alleged after a general denial that the levy of 15 cents per $100 of taxable values for 1917 was made with the intention of using the proceeds of said tax for the improvement or repair of the courthouse, county jail, and other property of Kinney county, Tex.; that the $60 a month was ordered paid by the commissioners and was an ex officio compensation to the county attorney; that said ex officio compensation did not exceed the sum of $2,250, together with all other fees and emoluments of his office; that the payments of $135 a month to the sheriff were ordered by the court as ex officio salary, and that the same did not exceed the $2,750 maximum allowed by statute to be received by the sheriff from all sources.

Statements of essential facts in evidence will be made in the discussion of the assignments, the first of which assails the judgment enjoining appellants from collecting the 1917 public building and improvement tax levied in Kinney county. The contention is that there is not sufficient evidence to sustain the finding by the jury that the commissioners' court at the time they made the tax levy for public building and improvements intended to transfer same or a part thereof, when collected, to the general fund or to use same or a part thereof for general purposes, which finding was the basis for that part of the judgment enjoining the collection mentioned.

Both parties concede the law to be that the levy by the commissioners' court of a tax for a county public buildings and improvements fund, in addition to the maximum tax of 25 cents permitted by the Constitution (article 8, § 9) for general county purposes, and when no improvement is in contemplation, and with the intention of transferring such improvement fund to the general revenue, is unlawful and invalid.

Jefferson Iron Co. v. Hart, 18 Tex. Civ. App. 525, 45 S. W. 321; Ault v. Hill County, 102 Tex. 337, 116 S. W. 359; Constitution of Texas (Harris) p. 594, note 56.

[1] The issue joined, as appears from the assignment, is upon the evidence. It is admitted that the maximum tax for general purposes had been levied. Appellants urge that there is not sufficient evidence to prove either that no improvements were contemplated at the time the levy for improvements was made or that the commissioners made such levy with the intention of transferring all or a part of the fund to the general revenue. The only improvements that could have been contemplated according to the testimony were the repairs to the jail, courthouse, and other repairs estimated by the commissioners, when making the levy, at $1,000. This was testified to by Cashell, one of the commissioners. Mr. Long, another commissioner, testified that he did not remember to have ever mentioned any contemplated improvements in the commissioners' court to any members of the court or to the county judge, but that in his own mind he intended to use this building and improvement tax for repairs so far as he was concerned at any time the court saw fit. No other members of the commissioners' court testified in reference to the contemplation of improvements. There was no order of the commissioners providing for any improvements; no record of any official steps towards any improvements. The only repairs testified to were those mentioned above by witness Cashell, estimated to cost $1,000. The amount estimated by the commissioners to be collected for the special improvement levy was $6,000 or $7,000. From this evidence the jury could have found that no improvements were in contemplation at the time of the levy, and must have found that no improvements were contemplated that would require $7,000 for payment. The jury's finding that a part, if not all, of the $7,000 special improvement tax was levied by the commissioners' court with the intention of transferring all or a part of same to the general revenue fund, is sustained by the evidence that only $1,000 of the $7,000 could have been intended for repairs. In further support of the jury's finding there is evidence: That for a number of years the special improvement tax had been intentionally levied, assessed, collected, and transferred to the general fund and used for general expenses (these facts were admitted); that no account was provided or kept of the special improvement fund by the commissioners, but the treasurer and depository of the county's funds mingled the special improvement funds with the general fund, and a portion of the special improvement funds actually realized from the levy assailed was used for general expenses, viz. $600 was paid for fire insurance premiums (this was

admitted, though with apologies). The foregoing and similar evidence sufficiently sustains the jury's finding and the trial court's judgment. We feel constrained to be bound thereby.

The first assignment is overruled.

[2] The second assignment complains that there is not sufficient evidence to authorize the court to instruct the jury to find that the commissioners' court had used a part of the special improvement fund in question for the payment of claims that should have been paid out of the general funds of the county.

It was admitted by appellants that at least $600 of the special improvement fund had been used for general expenses. This admission was ample authority for the peremptory instruction by the court that a part of the special fund had been used for general purposes.

We overrule the second assignment.

The third, fourth, fifth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments all present questions considered in our disposition of the first and second assignments, and all are overruled.

The sixth assignment complains of prejudicial innuendo in the verbiage of peremptory instructions requiring the jury to find certain facts to be used by the court as a basis for that part of the judgment in favor of appellant. We think the form of the questions strictly conforms to the testimony in the record and the admissions of appellant. We cannot see that the form of these favorable peremptory instructions prejudiced the jury against appellant or could have contributed to the jury's finding against appellant upon the issue of fact submitted to them and presented to us in the first assignment above discussed. The sixth assignment is overruled.

[3] The error urged in the seventh assignment is that the following special instruction given is misleading and confusing:

"You are instructed to determine what your answer will be to the following question No. 4 by what you believe to be the truth from the preponderance of the evidence that has been admitted before you."

The only issue of fact was submitted as a special issue and was clearly defined. There was no error in the special instruction, for, as stated by Chief Justice James in City of Victoria v. Victoria County, 115 S. W. 72:

"The findings are to be based upon a preponderance of the evidence the jury believed to be true."

The complaint here is that the special instruction given is error, and not that the court erred in refusing to give a requested instruction upon the burden of proof; hence the authorities cited by appellant, namely, Texas Baptist v. Patton, 145 S. W. 1063, Sanger v. First National Bank, 170 S. W. 1087, and Levy v. Jarrett, 198 S. W. 333, are not applicable to the complaint urged by the assignment.

We overrule the eighth assignment.

[4] In the eighth and ninth assignments the refusal of the court to admit testimony in explanation of the county depository's account is attacked. The explanation contained in the bill of exceptions seems to us to be only an argument. The special improvement fund was mingled with the general fund by the county treasurer and carried thus mingled with the bank. No denial is made of this fact, and the fact was admissible as a circumstance, along with others, to prove appellees' allegation to that effect. The explanation that this mingling of funds in the depository was not intended as a transfer of the special fund to the general fund by the commissioners does not explain the fact of the mingled deposit. The explanation is merely a repetition of the evidence already testified to by Cashall and Long that the commissioners did not intend to transfer the special fund to the general fund. Because the explanation was properly excluded, we overrule the eighth and ninth assignments.

The sixteenth assignment is that "the court erred in taxing all the costs herein incurred against the defendants."

[5] The law is that the successful party to a suit shall recover all the costs incurred therein. Vernon's Sayles' Rev. Civ. St. art. 2035. The appellees, who were plaintiffs in the trial court, were the successful parties to this suit. The fact that they did not recover on every count does not change their status as successful parties. We are unable to say that the court abused its discretion in its award of costs. Jones v. Ford, 60 Tex. 127; Texas & Pac. Ry. v. Davis, 66 S. W. 598; Cox v. Patten, 66 S. W. 67.

The assignment is overruled.

The appellees have presented cross-assignments, also 16 in number. These 16 cross-assignments assail various rulings of the trial court, all of which rulings were based upon the court's construction of article 3893, V. S. R. C. St. 1914. A review of that construction only is all that is necessary to dispose of all the cross-assignments. The issues involved are those contained in the third and fourth counts alleged in appellees' petition, a statement of which has already been made.

Briefly, the commissioners' court supplemented the compensation of the sheriff with an ex officio salary of $135 per month and supplemented the compensation of the county attorney with an ex officio salary of $60 a month. Both the ex officio salary to the

sheriff and the ex officio salary to the county attorney left the compensation received by those county officials within the maximum required by article 3881, Vernon's Sayles' Civ. St.

The Supreme Court having held in answer to a certified question that the commissioners' court could not allow the sheriff more than the sum stipulated in article 3866, R. S. 1911, namely $500, the cross-assignments relating to the order allowing him $1,620 per annum as ex officio salary are sustained.

The Supreme Court having answered that under article 3893, as amended in 1913 (Laws 1913, c. 121), the commissioners' court was authorized to allow the county attorney the ex officio salary of $60, the entire compensation received by him being within the maximum prescribed by article 3881, it follows that the cross-assignments relating to that part of the judgment refusing an injunction to restrain the payment of such salary must be overruled.

The judgment of the trial court will be reversed in so far as it refuses appellees the relief prayed for as against the county judge and county commissioners and J. F. Ray, sheriff, with respect to the ex officio salary ordered paid to the latter, and the judgment corrected so as to provide that the plaintiffs, J. M. Slator and Chas. Gaebler, are awarded an injunction restraining Joseph Veltmann, county, judge of Kinney county, and F. O. Long, P. H. Fritter, A. L. Cashell, and A. M. Slator, county commissioners of said county, from paying to J. F. Ray, sheriff of said county, any sum as ex officio salary in excess of $500 per annum, and enjoining said J. F. Ray from receiving or collecting any sum as ex officio compensation in excess of said sum of $500 per annum. The judgment will also be reformed so as to include said J. F. Ray among those against whom plaintiffs recover the costs of the trial court. The judgment will be affirmed in all other respects except those above mentioned, including the refusal of injunctive relief against J. E. Fritter and Romus Salmon.

The foregoing opinion, in so far as it relates to the appellants' assignments of error, was written by Justice SWEARINGEN shortly before his death, and, being approved by the court, was adopted as its opinion on the questions involved. The court was in doubt as to the construction of article 3893 as amended in 1913, and it had been decided, before Judge SWEARINGEN'S death, to certify the questions raised by the cross-assignments of error. The certificate was forwarded after Judge SWEARINGEN'S death. The questions have been answered and the cross-assignments disposed of in accordance with the views of the Supreme Court.

The judgment is reformed and affirmed.